## WAGGONER BANK & TRUST CO. v. DOAK.

No. 8708—Opinion Filed April 9, 1918.

(172 Pac. 61.)

### Evidence—Parol Evidence—Admissibility to Vary Written Instrument.

Parol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement constituting a condition precedent to the taking effect of the written contract.

(Syllabus by Rummons, C.)

Error from District, Court, Stephens County; Cham Jones, Judge.

Action by the Waggoner Bank & Trust Company against J. T. Doak. Judgment for defendant, and plaintiff brings error. Affirmed.

Robert Burns, for plaintiff in error.

Womack & Brown and C. Riley, for defendant in error.

Opinion by RUMMONS, C. The plaintiff in error, plaintiff below, brought this action against defendant in error to recover upon a promissory note. The defendant answered, admitting the execution of the note, but alleged that said note was given as part payment on the purchase price of 100 shares of stock in the American Home Life Insurance Company; that it was agreed between defendant and the payee of the note, L. P. Gamble, that the purchase price of 100 shares of stock, the sum of $2,650, should be paid by the defendant out of the proceeds of a loan of $2.500 to be made defendant by the American Home Life Insurance Company; that it was agreed between plaintiff and said L. P. Gamble that, in the event said loan was not made, the subscription of defendant for said 100 shares of stock should be canceled and the promissory note for the sum of $650, here in controversy, should be returned to the defendant; that the American Home Life Insurance Company failed and refused to make the loan in any sum, and therefore the conditions upon which the note was signed failed, and the defendant was not liable thereon. It was further alleged that the plaintiff was not a holder in good faith of said note, but that it took the same with the notice of the agreement between defendant and Gamble. At

the trial the defendant offered evidence tending to show that the note was executed upon the condition set out in his answer; that T. B. Yarborough, the vice president and manager of the plaintiff, was a stockholder and treasurer of the American Home Life Insurance Company and a member of the firm of Stewart, Walker & Co. by whom L. P. Gamble was employed as a stock salesman to sell the stock of the American Home Life Insurance Company. The cause was tried to a jury, which returned a verdict for the defendant. Judgment being rendered on said verdict, the plaintiff brings this proceeding in error to reverse such judgment.

The plaintiff complains of the overruling of its demurrer to the evidence of the defendant, its motion to direct a verdict for plaintiff, and its motion for a new trial. These assignments of error are submitted upon the one proposition that the terms of a written contract cannot be varied by parol evidence. In the case of Tovera v. Parker, 35 Okla. 74, 128 Pac. 101, this court says:

"A promissory note may be delivered by the maker to the payee upon condition, or as an escrow."

In Gamble v. Riley, 39 Okla. 363, 135 Pac. 390, this court says:

"It is elementary that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument; this is not to vary the terms of a written instrument, but to prove that no contract was ever made; that its obligation never commenced."

The case last cited is apparently upon all fours with the instant case, being a transaction with L. P. Gamble for the purchase of shares of stock in the American Home Life Insurance Company to be paid for out of the proceeds of a loan upon Oklahoma real estate to be made by said American Home Life Insurance Company. In Adams et al. v. Thurmond, 48 Okla. 189, 149 Pac. 1141, it is said:

"A promissory note may be delivered conditionally, and this may be accomplished by a delivery to the payee himself, with proper agreement as regards the conditions. Parol evidence is not admissible to vary the terms of a written contract, but the rule is equally well settled that parol evidence may be given to prove a separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument."

Under this authority the evidence introduced by the defendant was competent to show the delivery of the promissory note to Gamble upon condition. There being sufficient competent evidence to reasonably support the finding of the jury in behalf of the defendant, the trial court did not err in overruling the demurrer of plaintiff to defendant's evidence, its motion to direct a verdict in its favor, or its motion for a new trial.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.