## BEATTY et al. v. MOORE.

No. 15628—Opinion Filed Sept. 15, 1925.

(Syllabus.)

**Appeal and Error—Necessity for Objections at Trial—Sufficiency of Evidence.**

Where the defendant submits his case to the jury, without demurring to the evidence or asking an instructed verdict, or otherwise legally attacking its sufficiency, the question whether there is any evidence reasonably tending to support the verdict is not presented for review by defendant's motion for a new trial.

Appeal from District Court, Logan County; Charles C. Smith, Judge.

Action by Felton B. Moore against John H. Beatty and Charles M. Hatch, trustees of Bemoha Oil & Gas Company, a common-law trust, and Ponca Oil & Gas Company, a corporation. Judgment for plaintiff, and defendants appeal. Affirmed.

Wilcox & Swank, for plaintiffs in error.

John Adams and John P. Hickam, for defendant in error.

CLARK, J. This action was commenced in the district court of Logan county by the defendant in error, Felton B. Moore, as plaintiff, against the plaintiffs in error, John H. Beatty and Charles M. Hatch, trustees of Bemoha Oil & Gas Company, a common-law trust, and Ponca Oil & Gas Company, a corporation, as defendants.

Plaintiff alleged in his petition that the Bemoha Oil & Gas Company, acting by and through its trustees, employed the plaintiff to work for said company at $150 per month, straight time, and that there was due the plaintiff the sum of $1,050 for wages, and $9 for meals, gasoline, and two wrenches, making a total of $1,059 due plaintiff; and asked for foreclosure of a lien that had been filed on the tools and equipment and leasehold of said company. Plaintiff further alleged that Ponca Oil & Gas Company claimed some right, title, or interest in and to said property on which it was sought to establish said lien, and asked that his lien be declared superior to that of the Ponca Oil & Gas Company's claim, and that he

have judgment against the defendants, and each of them, and that said lien be foreclosed.

The defendants for answer filed a general denial, but admitted that the said Bemoha Oil & Gas Company was indebted to the plaintiff in the sum of $171.

The case was tried to a jury, and a verdict rendered in favor of the plaintiff in the sum of $1,059, and the court rendered judgment thereon. A motion for a new trial was filed and overruled, and the defendants appealed to this court.

The plaintiffs in error urge seven assignments of error, the first five of which challenge the sufficiency of the evidence to sustain the verdict of the jury and the judgment of the court.

Plaintiffs in error did not except to the instructions to the jury, nor offer any requested instructions. Plaintiffs in error did not demur to the evidence of plaintiff, nor ask for an instructed verdict. The defendants, plaintiffs in error, acquiesced in the submission of the issues to the jury under instructions apparently satisfactory to all parties. Where the sufficiency of the evidence is not challenged until a motion for a new trial is filed, the same will not be considered on appeal. Milburn et al. v. Miners' & Citizens' Bank, 101 Okla. 281, 226 Pac. 44; Shackelford v. Goodnight, 94 Okla. 297, 222 Pac. 514; Smith et al. v. Ferguson et al., 96 Okla. 150, 221 Pac. 447.

The sixth and seventh assignments of error are as follows:

"(6) The court erred in admitting evidence on the part of the defendant in error.

"(7) The court erred in refusing and ruling out competent and legal evidence on the part of the plaintiffs in error."

These two assignments of error have been abandoned by plaintiffs in error, as the same are not mentioned in their brief, nor is our attention called to the particular evidence that was admitted or refused by the trial court.

There being no error of the trial court, the judgment is affirmed.

NICHOLSON, C. J., and MASON, HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 839, § 746.