## AMERICAN ASBESTOS PRODUCTS CO. v. SMITH BROTHERS.

No. 27331.   Oct. 26, 1937.

Rehearing Denied Nov. 9, 1937.

Application for Leave to File Second Petition for Rehearing Denied Nov. 30, 1937.

Appeal from County Court, Custer County; Donald B. Darrah, Judge.

A. J. Welch, for plaintiff in error.

Meacham, Meacham & Meacham, for defendants in error.

WELCH, J. The parties will be referred to as they appeared in the lower court; the plaintiff in error was plaintiff, and the defendants in error were defendants.

The petition of the plaintiff alleges that plaintiff and defendants executed a written contract by the terms of which the plaintiff sold to the defendants certain roofing materials; that plaintiff delivered said materials; that defendants failed and refused to pay for the materials as they agreed to do, and that plaintiff was entitled to judgment for the amount of the purchase price. Plaintiff's petition contained a verified statement of the account and a purported copy of the written order. The written order is as follows:

"March 22, 1935

"Bought of American Asbestos Products Co. Cleveland, Ohio.

"Sold to Smith Bros. Butler, Oklahoma.

"Ship: Soon as possible, on or before: Please rush this via Santa Fe.

"Bank:   First State.

"Terms:   60 days net, two per cent discount for cash ten days.

"Prices:   F. O. B. cars or boat at Cleveland, Ohio.

"Notice: This is a positive order not subject to countermand or cancellation unless stated in writing on order.

"2 Bbl Teskote Liquid Roofing 1 20 Gallon.

"1 Bbl Primer 90 Gallon.

"2 Brushes.

"Less 20% discount.

"Conditions:   No representation, promise or agreement made by salesman, verbal or otherwise, will be recognized unless written on all three copies of order and confirmed in writing by the company.

"No goods sold on consignment.   Salesman not authorized to collect unless given written permission by the company.

"The American Asbestos Products Co.

"By Edward F. Rich, Salesman.

"Purchaser's Signature.

"Smith Bros.

"Receipt of Yellow (Customer's Copy) of this order is hereby acknowledged. J. A. S.

"Service Information: Roof Type of Building—Flat.

"Character of Roof or Surface to be covered.

"Condition of Surface good.

"Size of Surface 75-80.

"Credit Information—Confidential * * *."

The defendants filed a verified answer admitting the execution of the signed order and alleged, in substance, that the contract and the order were fraudulently obtained, setting out in detail the facts with reference thereto.

The plaintiff for reply filed a general denial. The written order and receipt of the merchandise having been admitted. the court, as stated in its judgment, "under the issues formed by the pleadings, ruled the burden of proof upon the defendants." The evidence offered by the defendants was. in the main, undisputed. The defendants substantially proved all the allegations contained in their answer.

The jury returned a verdict for the defendants, and judgment was rendered in accordance therewith.

Numerous specifications of error are set out by the plaintiff, but we think that they may fairly be grouped under two heads.

"(1) That the oral promise to supervise the putting on of the roofing materials was made prior to, or contemporaneous with the written contract of sale of the materials, and proof of such oral promise was inadmissible.

"(2) That plaintiff could not be held responsible for the oral promises and agreements of the agent made contrary to specific limitations of the agent's authority and of which limitations the defendants had knowledge."

The plaintiff submits numerous authorities that quote the general rule that parol evidence is inadmissible to vary the terms of a written contract. It is noted, however, that the statement of the general rule by these authorities is. in each instance, qualified by the phrase "in the absence of fraud."

As mentioned above, the defendants alleged that the contract was obtained by fraud, and according to the undisputed evidence. "the defendant bought said roofing with the understanding that the plaintiff was to supervise putting it on and would not have bought it but for such agreement * * * and it was without any value to it unless the plaintiff would supervise the putting on of the same * * * that the plaintiff through its lawfully authorized agent * * * so promised and agreed to supervise the putting on of said roof for the sole and only purpose of inducing defendant to purchase same and at the time it made such promise it had no intention of carrying it out, but had in mind to use that as a means of getting the order and making the sale."

In the case of Blackburn v. Morrison, 29 Okla. 510, 118 P. 402, Ann. Cas. 1913A, 523, in an opinion by Justice Hayes, this court said:

"As a general rule, in order for false representations to be the basis of fraud, such representations must be relative to existing facts or facts which previously existed, and cannot be founded upon promises as to future acts. 20 Cyc. p. 20. There is, however, the exception to the foregoing rule, that if the promise is accompanied with an intention not to perform it, and is made for the purpose of deceiving the promisee and inducing him to act where otherwise he would not have done so. the same constitutes fraud."

Let us examine the case of McLean v. Southwestern Casualty Ins. Co., 61 Okla. 79, 159 P. 660. In this case the plaintiff, McLean, signed an agreement for the purchase of stock. The written agreement contained the provision that "it is further understood and agreed that no conditions other than those printed herein shall be binding. * * * " He sought to rescind the contract on the grounds that the execution was obtained by fraud, alleging that defendant's agent promised and agreed that plaintiff would be employed as defendant's medical examiner at a salary of $1,500 annually if plaintiff would subscribe to the stock. The defendant demurred to the plaintiff's evidence on the ground that it sought to vary the terms of a written contract. The court, in discussing the admissibility of plaintiff's testimony, said:

"But the rule of law in these cases is not applicable, where the party alleges and proves that he was induced by material, false, and fraudulent representations to enter into a contract which he would not have entered into but for such false and fraudulent representations. The purpose and effect of the evidence introduced in the case at bar is not to contradict or vary the terms of the written contract, but to show that the plaintiff was imposed upon, and the fraud was practiced in obtaining his signature thereto. Fraud vitiates everything it touches, and a contract obtained thereby is voidable. And evidence is always admissible to show that contracts have been fraudulently obtained."

The court, after holding that the testimony was admissible, said:

"And if the defendant misstated its intention, and made this promise mala fide, for the purpose of inducing the plaintiff to subscribe for its stock, and without the intention of carrying it out in good faith, and the plaintiff relied upon it and was thus induced to subscribe for the stock, it is such a fraud as the court will take cognizance of, and from which it will give relief."

We can reach no other conclusion than that the oral agreement and representation, as alleged in defendant's answer, constituted such fraud as to vitiate the contract and that evidence to show that the contract had been fraudulently obtained was admissible.

It is contended that the plaintiff is not bound by the promise and agreement of its agent for the reason that the agent had no authority to make such promise and agreement, and that defendant had knowledge of the limitation of the agent's authority.

It was admitted that Rich was the agent of the plaintiff, and from all the facts and circumstances surrounding the transaction, the jury, by its verdict, found that the agent was acting within the scope of his actual or apparent authority, and we think correctly so. The plaintiff placed order blanks in the hands of its agent for the purpose of procuring orders for its products.

We again quote from the case of Mc-Lean v. Southwestern Casualty Ins. Co., supra:

"As in the case at bar, assuming, without deciding, that the person or persons making the representations did so without authority, there is no rule of equity and fair dealing that would permit the company to arm persons with blank contracts to take stock subscriptions, and then permit the company to accept the benefits of their misrepresentations and escape the burdens. If the company is unwilling to be bound by their representations, it must surrender the benefits obtained under them."

It is also noted that defendants' verified answer alleges Rich's agency and plaintiff's reply thereto is not verified. This court in the case of Knudson v. Fenimore, 69 Okla. 3, 169 P. 478, laid down the rule that:

"Under section 4759 (1910) (sec. 220, O S. 1931) a general allegation of authorized agency will be presumed to be an agency with full powers legally conferred, and the failure to deny such allegation under oath is equivalent to an admission in the answer and no further proof of the agent's authority is required."

We have examined the entire record and find no substantial error. The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.