GIBBINS v. WADE.

No. 33426. Oct. 25, 1949.

*210 P. 2d 955.*

Simpkins & Harris, of Elk City, for plaintiff in error

Wise & Ivester, of Sayre, for defendant in error.

HALLEY, J. This is an action by W. T. Wade against Venus Gibbins, administratrix of the estate of Sallie Wade, deceased, to establish a claim of W. T. Wade against the estate of Sallie Wade, deceased, based upon goods furnished and services rendered for Sallie Wade between 1941 and the date of her death in 1946.

Walter L. Wade became the owner of a farm in Beckham county in 1903. He resided there with his son, W. T. Wade, the plaintiff herein, until 1922, when he married Sallie Wade. The three of them lived there as one family until 1941, when Walter L. Wade died, leaving a will giving one-fourth interest in the mineral rights under the farm to Sallie Wade, together with the right to use the land as her homestead as long as she lived. The remaining interest was left to W. T. Wade. Sallie Wade elected to take under the law of descent, and the farm was distributed, one-third to her in fee and two-thirds to W. T. Wade, subject to the right of Sallie Wade to use and occupy the farm as her homestead as long as she lived. W. T. Wade was an adult, and continued to live in the home of his stepmother, Sallie Wade, until her death in 1946. During this time he claims to have furnished certain personal property for use on the farm and rendered certain services for Sallie Wade. He presented his duly verified claim to the administratrix, and it was disallowed. He filed this action to establish his claim. He alleged that the estate owed him a total of $3,403.76, and that it was due and unpaid. A copy of his claim was made a part of his petition. The principal item in the claim is for services rendered.

The defendant answered by an unverified general denial. A jury was impaneled, and plaintiff offered proof of certain items, but no evidence of any express agreement between him and Sallie Wade for the payment of any item. The jury found for the plaintiff in the sum of $2,000. We shall refer to the parties as they appeared in the trial court.

Defendant's grounds for reversal are presented under a single proposition:

"The verdict was contrary to and in disregard of the court's instructions, and was not sustained by sufficient evidence."

This is substantially the same as subsection 6 of sec. 651, Title 12, O. S. 1941.

When the plaintiff rested, the defendant demurred to the evidence. The demurrer was overruled. The defendant offered her evidence and the plaintiff offered additional evidence. The defendant did not renew her demurrer or move for a directed verdict or judgment at the close of all the evidence. The rule was announced in Pepis et al. v. Rector, 196 Okla. 489, 166 P. 2d 94, that where defendants, after demurrer to plaintiff's evidence was overruled, put in evidence and did not move for a directed verdict at the close of all evidence, defendant could not, on appeal, after adverse verdict, urge insufficiency of evidence to establish a cause of action.

The defendant's argument that the verdict was contrary to and in disregard of the court's instructions, when boiled down, is simply that there was not sufficient evidence to sustain the verdict. The defendant has waived her right to urge that the verdict is not supported by sufficient evidence.

Upon the question of whether or not the plaintiff showed that the services he performed for his stepmother were not gratuitous, there is much doubt, but since this question was not properly raised in the trial court, we will not consider it here.

We find that the judgment entered is not in compliance with section 345, Title 58, O. S. 1941, in that it fails to provide that the administratrix pay the amount found to be due the plaintiff in due course of administration, and also, it provides that execution issue. The judgment should be so modified as to provide for payment in due course of administration, and by eliminating

the authorization of execution; and, as so modified ,the judgment is affirmed.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.