**ENOLA OIL COMPANY, Inc., a Corporation, Plaintiff in Error,**

v.

**W. S. BOGIE, Defendant in Error.**

No. 36837.

Supreme Court of Oklahoma.

Nov. 29, 1955.

764

Charles E. Grounds, E. Keith Cooper, Seminole, for plaintiff in error.

Rainey & Barksdale, Okmulgee, for defendant in error.

PER CURIAM.

W. S. Bogie filed petition against Enola Oil Company, a corporation, seeking specific performance.

The plaintiff alleged the defendant owned an undivided three-fourths interest in the seven-eighths working interest in certain oil and gas leases covering certain described land. That on January 22, 1954, the defendant and the plaintiff entered into an agreement in writing whereby the defendant agreed to sell its interest in certain oil and gas leases to the plaintiff and for which the plaintiff would pay to the defendant a certain sum of money; provided that all the bills now due are paid, and provided that the said defendant will be responsible for three-fourths of said bills, and that all bills are to be examined and audited by the said defendant.

The plaintiff alleged a timely performance of all conditions precedent on his part, as provided in the said written agreement, and a timely tender, and that he continues a tender to the defendant of all sums of money mentioned in the agreement. That defendant, after due demand by the plaintiff, had refused and still refuses to execute and deliver the assignment as provided in the said written agreement. The plaintiff, pleading a tender into court, prayed judgment against the defendant; that the court direct and cause the assignment of the interest of defendant in said oil and gas leases to the plaintiff.

The plaintiff's petition was filed on February 6, 1954.

On April 27, 1954, defendant filed a pleading styled "Answer and Cross-petition." Therein the defendant specifically admitted plaintiff's allegations as to the January 22, written agreement and therein defendant further alleged that on April 17, 1954, the parties orally modified their original agreement of January 22, 1954, and whereby the defendant agreed to and did sell to the plaintiff all the defendant's interest in the oil and gas leases involved for a certain cash consideration, and that the plaintiff would pay all the expenses incurred in equipping, developing and operation of said leases, from February 1, 1954, to April 17, 1954. That pursuant to said modified agreement the defendant did on April 17, 1954, execute a valid assignment to the said oil and gas leases to the plaintiff and received from the plaintiff a certain cash sum. That theretofore the defendant had paid three-fourths of all expenses in a certain amount and incurred in equipping, developing and operating said leases from February 1, 1954, to April 17, 1954, and that therefor the plaintiff had failed to pay or properly account to the defendant in the sum of $2,157.17, as provided by the said modified agreement. The defendant prayed judgment against the plaintiff in said amount.

The parties appeared and trial was had before the court on December 15, 1954. In January, 1954, the plaintiff was the owner of an undivided one-fourth, and the defendant was the owner of an undivided three-fourths of the oil and gas leases here involved, and the parties together had been operating the leases.

The plaintiff introduced in evidence the written agreement for sale and purchase of the defendant's interest, dated January 22, 1954, and as set forth in the plaintiff's petition. The plaintiff introduced a recorded assignment of oil and gas lease executed by the defendant to the plaintiff on April 17, 1954, and describing the defendant's three-fourths interest in the oil and gas leases here involved. The said instrument recites a certain consideration received by the assignor for the sale transfer and assignment and that for the same consideration the assignor covenants with the assignee, the plaintiff herein, that said assignor is lawful owner of said leases and has good title thereto, free and clear from all liens, encumbrances or adverse claims, etc. The plaintiff introduced in evidence an affidavit executed by the defendant on April 17, 1954, which recites that as of

said date there are no unpaid items of indebtedness against the said oil and gas leases which were incurred by the defendant, or any of its agents, officers or representatives.

It is again noticed that the defendant's pleading was filed after April 17th, and on April 27, 1954.

The defendant at the trial made a tender of testimony to the effect that the defendant had paid out certain amounts as expense of equipping and operating the leases in the time from the beginning of negotiations between the parties in January, 1954, to April 17, 1954, and such amounts were not taken into account by the plaintiff in the consideration paid by the plaintiff for assignment of the leases, and contrary to the understanding of the parties when the lease was assigned, and that the plaintiff had credited himself with payment for certain lease equipment and not used on the lease, and as a deduction from the consideration paid for the lease, and contrary to an understanding of the parties at the time the assignment was executed.

The court entered a finding and judgment to the effect that all issues tendered under the plaintiff's petition became moot and ended with the defendant's assignment of interest to the plaintiff; that defendant failed to establish any right to a recovery under the cross-petition; that the action as to all parties be dismissed.

In appeal the defendant argues the trial court erred in refusing to admit and give consideration to testimony of the defendant showing the plaintiff as a partner of the defendant has failed to pay his proportionate share of costs incurred in the operation of the partnership venture.

We have examined the testimony offered by the defendant, and find that it concerns the terms and conditions of the operation of the oil and gas lease by the parties prior to the defendant's sale of its interest in the lease to the plaintiff, and which sale is evidenced by a written assignment of the defendant's interest and a sworn statement in writing by the defendant.

We hold the testimony offered by the defendant was inadmissible under the general rule that parol evidence is not admissible to vary writing.

"When persons meet and negotiate concerning a contract, and discuss its proposed terms and conditions, and finally end the matter by executing a written contract fully covering the subject, it represents the final agreement of the parties, and oral evidence tending to vary, contradict, enlarge, or narrow the terms of the writing is not admissible." Nachtsheim v. Bartle, 131 Okl. 166, 268 P. 195.

The judgment is affirmed.

JOHNSON, C. J., and WELCH, CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.

WILLIAMS, V. C. J., dissents.