C. J. SHARP, d/b/a Sharp Finance Company,
Plaintiff in Error,

v.

Harold HENRY and Mrs. John Smaligo,
Defendants in Error.

No. 36976.

Supreme Court of Oklahoma.

March 6, 1956.

Milton W. Hardy, Tulsa, for plaintiff in error.

Carter Smith, Tulsa, for defendant in error.

JACKSON, Justice.

This action was brought by plaintiff, C. J. Sharp, doing business as Sharp Finance Company, to recover judgment on the unpaid balance of a promissory note against defendants, Harold Henry and Mrs. John Smaligo. From a verdict and judgment for defendants, plaintiff appeals.

The note sued on had originally been secured by chattel mortgage on an automobile belonging to defendant Henry. Plaintiff had obtained possession of the mortgaged automobile and sold the same by advertisement, crediting the net sale price on the note.

Defendants' answer to plaintiff's petition admitted the execution of the note sued on but alleged that the note had been cancelled by virtue of an executed oral agreement between the parties whereby plaintiff had agreed to cancel the note if the defendant, Henry, would deliver the mortgaged automobile to the plaintiff and that pursuant to such an agreement the automobile was delivered to plaintiff by said defendant.

The case went to trial on the stipulation that the sole issue involved was whether the mortgaged automobile was delivered by the defendants and received by the plaintiff in full satisfaction of the indebtedness sued on.

There was no material dispute in the testimony except as to the alleged agreement on the part of plaintiff to cancel the balance due on the note. Defendant Henry testified that plaintiff called him by telephone and, in substance, told him that if he would deliver the automobile to plaintiff's lot, plaintiff would forget about the note, or as defendant understood it, plaintiff would cancel the note; that defendant agreed to do that and pursuant thereto he did deliver the automobile to plaintiff's lot and leave it there.

Plaintiff admitted having a telephone conversation with defendant in which he urged defendant to deliver the automobile to him because the payments were delinquent; that defendant promised to and did leave the automobile on plaintiff's lot where plaintiff found and took possession of it. Plaintiff denied, however, that he had made any agreement to cancel the note upon the delivery of the automobile.

The case was submitted to the jury on the single issue as set out in the trial stipulation; that is, whether the mortgaged automobile was delivered back to plaintiff with the agreement between the parties that the note should be cancelled in consideration of the redelivery. There was no objection to the instructions as given and no requested instructions were submitted.

As grounds for reversal it is now contended by plaintiff that the alleged agreement relied on by defendant was not binding for want of consideration and therefore constituted no defense to the action. That contention, however, is based on an issue not presented to the trial court and is not, therefore, reviewable here. It has long been the rule followed by this court that parties will not be permitted to argue in this court for the first time questions not raised in the trial court. Gibbins v. Wade, 202 Okl. 138, 210 P.2d 955; Sims v. Bennett, 208 Okl. 321, 255 P.2d 916.

It is next urged by plaintiff that the court erred in permitting the jury to take the pleadings to the jury room. In Lambard-Hart Loan Co. v. Smiley, 115 Okl. 202, 242 P. 212, to which our attention is invited, the court, in the first syllabus, said:

"Where the pleadings are voluminous and involved and the court does not state the issues in its instructions to the jury, it is reversible error to submit the pleadings to the jury for them to determine what the issues are."

In the instant case the pleadings were neither voluminous nor involved, and only one issue of fact was submitted for the jury's determination. Under these cir-

cumstances it appears that no prejudicial error resulted from the pleadings being submitted to the jury and we hold that the error was harmless.

It is next argued that there was error in giving the instructions. Although no objections were taken to the instructions as given, and no requested instructions were submitted, it is argued that the error is fundamental. We find no merit in this contention. The instructions as given clearly set out the single issue involved and fairly set out the theories of both parties.

█ It is next argued that the case should be reversed because of improper remarks made in the closing argument by defendants' counsel. The argument of counsel is not included in the record and the substance of the objection is contained in two affidavits, one made by plaintiff and one by his counsel, both made and filed after the verdict was returned. Prior to this there is nothing in the record showing any objection to the remarks so made, but it is stated in the affidavits that objections were made and ruled on by the court. The remarks complained of appear to be nothing more than conclusions drawn by the attorney from circumstances surrounding the case. In Enid City R. Co. v. Reynolds, 34 Okl. 405, 126 P. 193, the court said:

"A judgment will not be reversed because of remarks made by counsel in the closing argument, where such remarks are mere conclusions drawn from the circumstances surrounding the case, and from testimony admitted without objection."

From a careful examination of the record, there appears to be no reversible error in the court's ruling on plaintiff's objections to counsel's remarks to the jury.

Finally, it is argued that the testimony of the defendants that plaintiff entered an agreement to cancel the note is incredible. However, this testimony was refuted only by the testimony of the plaintiff and there are no circumstances presented by the record which would indicate to the court that defendants' testimony was incredible.

Finding no reversible error, the judgment is affirmed.