Pauline COKER, Marilyn Faye Coker, Judith Ann Coker, Jack Coker, Harry B. Coker, Leon Coker, and Opal LeGrange, Plaintiffs in Error,

v.

John HUDSPETH, Defendant in Error.

No. 37132.

Supreme Court of Oklahoma.

Jan. 22, 1957.

Rehearing Denied March 12, 1957.

Elam & Crowley, McKnight & Gasaway, Enid, for plaintiffs in error.

McKeever, Glasser, McKeever & Conrad, Enid, for defendant in error.

PER CURIAM.

This action was brought by John Hudspeth, as plaintiff, in the District Court of Garfield County to quiet title under an allegation of ownership of the surface and $\frac{3012}{3840}$ths undivided mineral interest in 160 acres of land. The plaintiff in error, who with others, were defendants in the trial court claim a greater interest in the minerals than that stated in the petition to be

owned by them and appeal from the judgment of the trial court fixing their proportionate interests in a less amount. The parties will be referred to in the relative position they bore in the trial court.

The defendants are the heirs of Nellie V. Coker, deceased, and as such own in proportionate shares the mineral interest inherited from her, the exact amount owned by the decedent at her death being here in dispute and constituting the issue to be determined.

The correctness of the judgment quieting title in plaintiff in a $\frac{3012}{3840}$ths of the minerals is to be determined by what interest was actually conveyed by plaintiff and one M. E. Doak in a certain mineral deed to a predecessor in interest of Nellie V. Coker. If the interest transferred was as determined by the trial court there was no error since there is no controversy as to the portion each of the defendants inherited in whatever interest Nellie V. Coker actually possessed.

The circumstances out of which the controversy arose may be briefly stated as follows: On February 16, 1924, James A. Harris, then owner of the 160-acre tract of land, subject to an oil and gas lease and a 10-year conveyance of $\frac{1}{2}$ of the minerals (from 1917) conveyed his entire interest to M. E. Doak and John Hudspeth, the plaintiff, by warranty deed; on the same date the grantees executed an instrument denominated a "mineral grant" conveying back to James A. Harris, "an undivided one-thirty-second ($\frac{1}{32}$) interest in and to all of the oil, petroleum, gas, coal, asphalt and all other minerals of every kind or character in and under, or that may be produced from (description) * * *." The deed further stated in usual terms the right of ingress and egress for mining, etc., purposes with the express provision that, "it is understood however, that this conveyance is made subject to any valid oil or gas lease now on said premises, but covers and includes the said undivided interest of grantee in and to all of the oil royalty, delay rentals, or gas rentals or royalty due, or to be due, under the terms of said lease;

and when said lease expires, or for any reason becomes forfeited or inoperative before it expires, then in either event the said undivided interest of the grantee in and to said minerals in and under said land shall be owned by the grantee herein"; the Sinclair Oil & Gas Co. at the time of the conveyance owned an oil and gas lease on the property which provided for the usual $\frac{1}{8}$th part of the production to be paid to the mineral owners; by instrument denominated a "Sale of Oil and Gas Royalty", dated March 27, 1925, James A. Harris conveyed to his wife, Sarah E. Harris, all of his interest in the minerals; thereafter the wife, by two separate instruments each stated to be a "Sale of Oil and Gas Royalty," conveyed her interest in equal parts to her son and daughter, John A. Harris and Nellie V. Coker; the conveyance to the wife recited the interest conveyed to be a $\frac{1}{32}$nd and the subsequent conveyance to the children, a $\frac{1}{64}$th to each; each of the instruments contained terms of similar import and it is not disputed that M. E. Doak and John Hudspeth acquired the one-half interest conveyed to James A. Harris by a "mineral Deed" dated November 27, 1934, from John A. Harris to them; plaintiff now owns the Doak interest.

Defendants take the position that the basic mineral conveyance, from Doak and Hudspeth to James A. Harris, providing for transfer of a $\frac{1}{32}$nd of the minerals was intended to convey a $\frac{1}{32}$nd of the total production and thereby granted to Harris $\frac{1}{4}$th of the $\frac{1}{8}$th royalties under the lease rather than a $\frac{1}{32}$nd of the $\frac{1}{8}$th royalties as found by the trial court. Consequently, defendants urge that Nellie V. Coker, under her conveyance of $\frac{1}{2}$ of her mother's $\frac{1}{32}$ interest, acquired, and defendants inherited from her, a $\frac{1}{8}$th of the $\frac{1}{8}$th royalties. It is here argued that, even if the basic mineral conveyance were unambiguous in its terms, nevertheless, where the circumstances surrounding the execution of the instrument and the subsequent conduct of both grantor and grantee are inconsistent with and at variance with the terms of the written instrument, the intention of the

294

parties must be determined from such circumstances and conduct and parol evidence is admissible to explain the latent ambiguity.

The trial court, over the objection of the plaintiff, heard defendants' evidence in support of their contention as to what interest was intended should pass by the deed to James A. Harris. The evidence, all relating to incidents and transactions subsequent to the issuance of the deed, reflected that on the date of the deed to James A. Harris, Doak and Hudspeth entered into a contract with Harris, agreeing to pay ¼th of the court costs and expenses in the event of suit to cancel the Sinclair lease, also that Doak and Hudspeth signed division orders providing for the equivalent of ¼th interest expressed in fractional ¹/₉₀ths of the ⅛th royalties which, together with expressions contained in the intermediary deeds, all tended to show acts and expressions on the part of Doak and Hudspeth which accepted and treated the conveyance to James A. Harris as actually constituting a transfer of ¼th of the royalties. While plaintiff's rebuttal testimony repudiated the intent claimed by defendants and might be considered sufficient to support plaintiff's contrary claim, we are of the opinion and agree with the finding of the trial court that as contended by plaintiff the mineral deed is unambiguous and extrinsic evidence may not be used to explain or vary the terms thereof. The case of McNeill v. Shaw, Okl., 295 P.2d 276, 278, is clearly decisive of the issues here presented. In that case, as here, the instrument clearly expressed an intendment that the instrument was to convey a ¹/₃₂nd interest in the oil and gas in the land as limited by the terms of the existing oil and gas lease. There, as here, the oil and gas lease reserved a royalty, a ⅛th thereof, to the owners. We there stated that, "It fol-

lows that the conveyance to the defendant of a ¹/₃₂nd interest subject to the oil and gas lease was a grant to defendant of a ¹/₃₂nd of ⅛th of the oil and gas as is produced from the land." We also stated that where a written contract is complete in itself, and viewed in the entirety, is unambiguous, its language is the only legitimate evidence of what the parties intended. In Jennings v. Amerada Petroleum Corp., 179 Okl. 561, 66 P.2d 1069, par. 2 of the syllabus states the rule as follows, "It is only when a deed possesses an element of uncertainty that parol evidence, the admissions of the parties and other extraneous circumstances may be proved to ascertain its true meaning." See also Surety Royalty Company v. Sullivan, Okl., 275 P.2d 259, and Manley v. Boling, 186 Okl. 59, 96 P.2d 30.

The judgment of the trial court having fixed the proportionate share to which the defendants were entitled under proper construction of the basic mineral conveyance, there was no error.

Affirmed.

WELCH, C. J., CORN, V. C. J., and WILLIAMS, DAVISON, HALLEY, JOHNSON, BLACKBIRD and CARLILE, JJ., concur.

JACKSON, J., dissent.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford and approved by Commissioners James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.