HILDA M. HARDY ET AL. *v.* BENJAMIN WEITZMAN ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued June 8—decided July 6, 1960

*Jacob H. Channin,* with whom, on the brief, was *Joseph Asbel,* for the appellants (plaintiffs).

*William P. Aspell,* with whom, on the brief, was *George Muir,* for the appellees (defendants).

PER CURIAM. The plaintiffs have appealed from a judgment for the defendants entered upon a jury's verdict. The plaintiff Hilda M. Hardy claims to have fallen and sustained injuries because of the defendants' negligence in placing and maintaining a mat outside the doorway of the defendant Benjamin Weitzman's store, which is located in a building owned by the defendant Fay Weitzman. The defendants denied that they were negligent and in a special defense alleged that Hilda was chargeable with contributory negligence. The plaintiffs claimed that Hilda tripped over the upturned corner of the mat and that the defendants knew, or should have known, of the danger caused by the mat to persons entering the store. They concede that the court charged the jury correctly on this phase of the case.

They assert, however, that the court erred in failing to charge that the jury might find the defendants chargeable with negligence because they created a dangerous condition by placing a defective mat in the doorway, and that, if the jury so found, the plaintiffs would not be required to prove that the defendants had notice of the dangerous condition. See *Foster* v. *Hartford Buick Co.*, 131 Conn. 348, 350, 39 A.2d 884; *Crowell* v. *Middletown Savings Bank*, 122 Conn. 362, 367, 189 A. 172.

No interrogatories were filed or submitted to the jury. They returned a general verdict. A denial of negligence and a defense of contributory negligence are separate and distinct defenses. The defendants could prevail on either. Error as to one would not preclude a verdict on the other. No error is claimed as to the charge on contributory negligence. Under these circumstances, any error in the charge on the issue of negligence was cured by the general verdict. *Meglio* v. *Comeau*, 137 Conn. 551, 554, 79 A.2d 187; *Hasler* v. *T. H. Canty & Co.*, 138 Conn. 343, 346, 84 A.2d 577; *Messier* v. *Zanglis*, 144 Conn. 449, 455, 133 A.2d 619.

There is no error.