Jack BREDOUW, d/b/a Bredouw and Company, Plaintiff in Error,

v.

Horace S. JONES, and Dean M. Colbert, individually, and Horace S. Jones and Dean M. Colbert, d/b/a Capri Motor Hotel Company, a partnership, Defendants in Error.

No. 40729.

Supreme Court of Oklahoma.

May 10, 1966.

As Corrected on Denial of Rehearing July 10, 1967.

Charles Dunn, Tulsa, for plaintiff in error.

Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for defendants in error.

HODGES, Justice.

This is an action by the plaintiff on a series of promissory notes against the defendants which represent the unpaid balance due and owing to the plaintiff under a written contract entered into with the defendants for brokerage fees on the sale of a motel.

The plaintiff, Jack Bredouw, is a licensed realtor in Tulsa, Oklahoma, operating under the name of Bredouw and Company. The defendants, Horace Jones and Dean Colbert, are owners and partners of the Capri Motor Hotel. The Captain-Miniver Corporation was the subsequent purchaser and lessor of the Capri Motor Hotel and will hereafter be referred to as purchasers.

In April, 1958, an employee of the plaintiff approached the defendant Jones on the possibility of listing the Capri Motor Hotel for sale with their agency. Although no listing was given at this time the plaintiff was advised that if he had an interested buyer he would be willing to discuss the matter.

The plaintiff subsequently contacted a brokerage firm in New York City, by the name of Helmsley-Spear. This brokerage firm knew of persons interested in this type of investment and as a result, a syndicate was formed known as the Captain-Miniver Corporation. An agreement was reached whereby the plaintiff was to furnish the listing, the Helmsley-Spear firm the purchaser, and the transaction was to be handled on a co-brokerage basis with an equal division of any commissions.

The New York purchaser, apparently was only interested in the purchase of the Capri Motor Hotel on a sale and leaseback purchase. This type of arrangement was unfamiliar both to the plaintiff and defendants and numerous conferences and negotiations were held before any final contract was approved. It was during this period that the plaintiff and Helmsley-Spear, on March 28, 1959, entered into a written brokerage contract, with the defendants, which led to the execution of the promissory notes in question. The contract provided that in the event the New York purchaser executed a contract for the purchase of the Capri Hotel, a commission of $45,000.00 would be owing and payable by the defendants to the brokers, to be paid over a period of three years, in equal monthly installments and evidenced by a series of promissory notes consecutively numbered, in the amount of $1,250.-00 each. The even numbered notes were payable to Helmsley-Spear and the odd numbered notes, payable to the plaintiff.

From the evidence it appears that the negotiations between the defendants and the New York purchaser were completed on March 28, 1959. Pursuant to this agreement the defendants executed a deed on August 3, 1959, to the Capri Motor Hotel, to the New York purchaser for $225,000.00 down payment with the balance secured by a first mortgage in the amount of $220,-000.00 and a second mortgage in the amount of $455,000.00, for a total consideration of $900,000.00. Contemporaneous with the execution of this deed, a lease contract was signed by the defendants and the New York purchaser, whereby the purchaser leased the Capri Motor Hotel to the defendants for twenty five years for an annual rental of $90,870.00. The parties also agreed that the note and second mortgage in the amount of $455,000.00 was pledged as security to the purchasers, guaranteeing their performance of the lease provisions and the payment of the rental thereunder.

On August 3, 1959, the defendants executed and delivered, pursuant to the contract of March 28, 1959, thirty-six promissory notes payable to the plaintiff and Helmsley-Spear. The defendants and Helmsley-Spear then agreed to settle their one-half commission for a cash payment of $15,000.00. The evidence is conflicting as to whether the plaintiff was made the same offer of settlement by the defendants.

The defendants continued to pay the notes held by the plaintiff, until the first eight notes had been paid, defaulting on note seventeen or the ninth note of the plaintiff and refusing payment on the remaining ten notes.

The defendants having occupied the Hotel under the lease, for approximately seventeen months, notified the New York lessors on December 1, 1960, that they were surrendering the lease. On February 1, 1961, the lease was terminated by the defendants and the New York purchaser and all obligations thereunder were discharged.

On December 5, 1960, the plaintiff was advised by the defendant Jones, that they were turning the property back and in accordance with their agreement the remaining ten notes were not payable.

It was the contention of the defendants that the plaintiff and defendants had orally agreed that if and when the leased premises were surrendered back to the purchaser, no further notes would be due and owing. This purported oral agreement was denied by the plaintiff. Upon trial of the cause the jury found in favor of the defendants and plaintiff has perfected his appeal to this court.

The plaintiff submits that the trial court erred in permitting the introduction of parol evidence at variance with the terms of a written contract.

The trial court permitted over the objections of the plaintiff the introduction of testimony by the defendants of a separate oral agreement between the parties which provided that in the event the defendants relinquished the lease and delivered possession of the Capri Motor Hotel back to the

purchaser there would be no liability on the remaining unpaid notes.

The plaintiff contends that the introduction of such parol evidence varied the terms of a written instrument and therefore was inadmissible. The plaintiff advances the proposition that where a written contract is complete in itself and is unambiguous, oral evidence tending to vary, contradict, enlarge, or narrow the terms of the writing is not admissible. Coker v. Hudspeth, Okl., 308 P.2d 291; Enola Oil Company v. Bogie, Okl., 290 P.2d 763.

It is the position of the defendants that the contemporaneous oral agreement between the plaintiff and defendants was in the nature of a condition precedent. That the consideration and delivery of the promissory notes were conditional upon the defendants remaining in possession of the promises as lessee, citing, Harlow Publishing Co. v. Walden, 168 Okl. 163, 32 P.2d 278; Farmers' Bank of Roff v. Nichols, 25 Okl. 547, 106 P. 834; Horton v. Birdsong, 35 Okl. 275, 129 P. 701, L.R.A.1916B, 1048; In re Fullerton's Estate, Okl., 375 P.2d 933.

The statutes of the State of Oklahoma in Title 15 O.S.1961, § 137 provide:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

■ A well established exception to this parol evidence rule was expressed by this court in Farmers' Bank of Roff v. Nichols, 25 Okl. 547, 106 P. 834:

"The authorities hold that where the maker of a note delivers it to the payee with the agreement that it shall not take effect until the happening of a certain contingency or the performance of a certain condition, and where neither the contingency has occurred nor the condition been performed, the note never becomes operative, and an action thereon by the payee or his assignee with notice cannot be maintained."

The issue thus presented for our determination is the application of the factual situation in the instant case to the above principles. The query is whether the oral agreement is such a condition or contingency within the exception of the parol evidence rule.

■ An analysis of the cases cited by the defendants shows that all were oral agreements which involved a contingency that prevented the written instrument from ever becoming operative. In Harlow Publishing Co. v. Walden, supra, the plaintiff sought a judgment on a promissory note. The defendant alleged an oral conditional delivery in that the parties had orally agreed the note was not to be of any force or effect unless his partner signed the note and it was to be returned if he did not sign. The court in upholding the admissibility of the parol agreement stated:

"Evidence offered for the purpose of showing that a written instrument was delivered conditionally does not constitute contradicting or varying a written instrument by parol. Such evidence does not tend to show any modification or alteration of the written agreement, but that it never became operative, and its obligation never commenced. A written contract must be in force to make it subject to the parol evidence rule."

■ In the present case the oral agreement between the plaintiff and defendants did not prevent the commencement of the obligations under the written contract. The contract was signed by the parties and pursuant to its terms thirty six promissory notes were signed and delivered to the plaintiff. After delivery of the notes, in conformity with the obligations of the written contract of the parties, the defendants paid eight of the eighteen notes. At the time suit was filed on the balance of the unpaid notes the written contract was in force and operative. If a written contract is in force the recognized exception to the

parol evidence rule of a condition precedent is not applicable.

In Gillis et al. v. First National Bank of Frederick, 47 Okl. 411, 148 P. 994, the defendant admitted the execution of the promissory note upon which suit was commenced, but alleged that it was executed "upon the representations * * * that [he] would not be called upon to pay the same." The court in denying testimony of the oral agreement said:

"By this section (Title 15 O.S. 137, supra) it is provided that, where a contract is reduced to writing, that the writing itself is the evidence of the agreement of the parties, and that all oral negotiations or stipulations concerning the subject-matter which occurred prior to the execution of the writing are superseded by it, and oral evidence cannot be given to contradict the writing thus executed. It is a very general rule that a negotiable promissory note comes within the language of this statute, and, when once executed, parties will not be permitted to show, by parol testimony, that an agreement was had with the payee or holder of such paper not to enforce payment against the person or persons liable thereunder."

■ In our case we have a written contract which specifically sets out the amount of the brokerage commission and the manner in which it was to be paid. The terms of the written contract were clear, definite, specific, complete and unambiguous. The alleged oral agreement was inconsistent and in direct contravention to the terms of the written contract. The oral agreement changed, contradicted and varied the amount of the commission, part of which had already been paid pursuant to the terms of the written contract. To sustain the contention of the defendants in this action would be to strike down the plain, clear and unambiguous contract in writing. Union National Bank v. Lavacota Oil and Gas Co., 89 Okl. 258, 213 P. 869. A written contract must have some reliability and dependableness if it is to have any meaningful effect.

■ It would have been an easy matter for the defendants to have included in the written contract a provision that the amount of the commission was dependent on their possession of the leased premises. There being no such provision in the written contract, the defendants should not be permitted to escape performing their contractual obligation by establishing a collateral parol agreement inconsistent with the terms of the written contract. Stebbins v. Lena Lumber Co., 89 Okl. 244, 214 P. 918; Bolon v. Massey, 101 Okl. 8, 222 P. 685.

It is our conclusion that the parol agreement varied the terms of the written contract and is inadmissible for this purpose.

The defendants also allege that the written contract was a sham because the sale of the motel was prompted by tax reasons and the New York purchaser might object to the inclusion of the oral agreement in the written contract. There is no testimony in the record that the purchaser would or did object to such a provision in the written contract. A statement that the purchaser "might object" is merely speculation and conjecture. Further, this was a separate contract between the plaintiff and defendants and was not a part of or in anyway involved in the agreement, sale and lease between the defendants and the purchaser.

The defendants further contend that they were induced to execute the written contract and promissory notes by plaintiff's false and fraudulent representation in promising to relieve defendants of future liability in the event they exercised their option to cancel the lease.

■ The plaintiff again contends that, even in actions based on false and fraudulent representations, an oral agreement or promise which is at variance with the provisions of a written contract are subject to the parol evidence rule. We cannot agree. In Miller v. Troy Laundry Machinery Co., Inc., 178 Okl. 313, 62 P.2d 975, the plaintiff

sought damages caused by a written contract which was induced by fraudulent oral representations of warranty. The written contract provided that the chattels are accepted without any express or implied warranties. The court in an exhaustive and deliberate opinion on this precise point held that even though the representation is directly contradictory to the contract provisions, it may nevertheless be shown in evidence in a fraud action, despite the parol evidence rule. In American Asbestos Products Co. v. Smith Brothers, 181 Okl. 350, 73 P.2d 839, we again held that the parol evidence rule was not applicable where the party alleges and proves that he was induced by material, false, and fraudulent representations to enter into a contract which he would not have entered into but for such false and fraudulent representations and stated:

"The purpose and effect of the evidence introduced in the case at bar is not to contradict or vary the terms of the written contract, but to show that the plaintiff was imposed upon, and the fraud was practiced in obtaining his signature thereto. Fraud vitiates everything it touches, and a contract obtained thereby is voidable. And evidence is always admissable to show that contracts have been fraudulently obtained."

▐ It is well established in this jurisdiction that when false and fraudulent representations are made to induce the execution of a contract, parol evidence is admissible to establish fraud and vitiate the contract. A. A. Murphy Inc. v. Banfield, Okl., 363 P.2d 942.

▐▐ The plaintiff then contends that the verdict and judgment on the defendants' allegation of fraud is not sustained by sufficient evidence and is contrary to law. The defendants argue that the sufficiency of the evidence to support the verdict is not open for review because the plaintiff failed to present the same to the trial court. The record shows that the first time the plaintiff presented the question of the sufficiency of evidence to the trial court was in his motion for new trial. The plaintiff did not present to the trial court a demurrer to the evidence or a motion for a directed verdict. We have repeatedly held in such circumstances that in an action at law the question of the sufficiency of the evidence must be presented to the trial court before final submission to the jury and cannot be raised for the first time in a motion for new trial or on appeal to this court. In Federal National Bank of Shawnee v. Sartin, 114 Okl. 244, 246 P. 617, we said:

"The plaintiff has perfected its appeal to this court, and, for reversal, first contends that the evidence is insufficient to support the judgment of the trial court. Having acquiesced in the submission of the issues in this case to the jury without interposing a demurrer to the defendants' evidence, and without having asked for a directed verdict, the plaintiff is precluded from saying upon appeal that the evidence is insufficient to support the verdict of the jury in favor of the defendants, or that there is no evidence reasonably tending to support the verdict of the jury. Muskogee Electric Traction Co. v. Reed, 35 Okl. 334, 130 P. 157; Reed v. Scott, 50 Okl. 757, 151 P. 484; Simpson v. Mauldin, 61 Okl. 92, 160 P. 481; Shackelford v. Goodnight, 94 Okl. 297, 222 P. 514; Smith et al. v. Ferguson et al., 96 Okl. 150, 221 P. 447; Milburn et al. v. Miners' & Citizens' Bank, 101 Okl. 281, 226 P. 44."

▐ Even though we are unable to review the plaintiff's contention of insufficient evidence, the failure to demur to the evidence or move for a directed verdict does not operate to waive objections to any other erroneous ruling during the progress of the trial. In McDonald v. Strawn, 78 Okl. 271, 190 P. 558, a similar question was presented to this court. In that case the plaintiff also failed to demur to the evidence or move for a directed verdict. We held that this court cannot reverse the case for want of evidence to sustain the verdict of the jury, but that errors in instructing the jury and admitting or rejecting evidence are re-

viewable by this court, although no demurrer was filed to the evidence or motion made to direct a verdict.

In our case the plaintiff did make and preserve his objections to the introduction of the oral agreement on the ground that it varied the terms of the written contract in violation of the parol evidence rule. The trial court by the following instruction submitted the case to the jury on both the issues of conditional delivery and of fraud:

"The issue in dispute is whether or not the plaintiff either accepted the notes in question *subject to the cancellation condition* and that the notes were thereby subject to being voided, *or* if the notes were not thereby voided, whether or not the assertion of their validity by the plaintiff amounts to a fraudulent advantage procured by fraudulently inducing defendants to rely on the promise to not enforce the notes if the lease back was cancelled." (Emphasis added) Instruction 7.

As heretofore determined, the failure of the trial court to limit the parol evidence to the issue of fraud was error. The general verdict rendered for the plaintiff does not indicate the basis for the jury's decision. The question then is whether it was reversible error to erroneously submit the issue of conditional delivery to the jury where the verdict can be sustained on the ground of fraud. There is considerable conflict in other jurisdictions as to whether error which affects one of two or more determinative issues is to be considered as prejudicial where a general verdict is returned by the jury. 5 Am.Jur.2d Appeal & Error, Sec. 787. One line of authority holds that there is no reversible error if the verdict can be supported by one of the determinative issues in the case. E. g., Berger v. Southern Pacific Co., 144 Cal.App.2d 1, 300 P.2d 170, 60 A.L.R.2d 1104 (cf. Plotts v. Albert, 120 Cal.App.2d 105, 260 P.2d 621); Hardy v. Weitzman, 147 Conn. 727, 162 A.2d 507; Dwyer v. Christensen, 77 S.D. 381, 92 N.W.2d 199; Knisely v. Community Traction Co., 125 Ohio St. 131, 180 N.E. 654 (cf., Schreckengost v. Montgomery, 176 Ohio St. 165, 198 N.E.2d 460). The other line of authority, with which we agree, holds that error affecting one issue or theory in a case will be regarded as prejudicial where it is impossible to determine upon which of the two issues or theories the jury based its decision. Constant v. Brown, 189 Okl. 147, 114 P.2d 477; State of Maryland v. Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822; Gonyea v. Duluth, M. & I. R. Ry. Co., 220 Minn. 225, 19 N.W.2d 384; Martin v. Northern Pac. Ry. Co., 51 Mont. 31, 149 P. 89; Heinen v. Heinen, 64 Nev. 527, 186 P.2d 770; Maccia v. Tynes, 39 N.J.Super. 1, 120 A.2d 263; Stewart v. Newbury, 220 N.Y. 379, 115 N.E. 984, 2 A.L.R. 519; Barta v. Hondl, N.D., 118 N.W.2d 732; Tisdale v. Panhandle & S. F. Ry. Co., Tax.Com.App., 228 S.W. 133, 16 A.L.R. 1264; and see Woolfolk v. Semrod, Okl., 351 P.2d 742; St. Louis, I. M. & So. Ry. Co. v. Evans, Okl., 183 P. 609.

We have stated in several cases involving decisions by the trial court in equity cases and law actions tried without a jury that the judgment of the trial court will not be reversed if it can be sustained upon any ground or theory of the case. E. g., Dunkin v. Galloway, 75 Okl. 125, 181 P. 939; Douglas v. Douglas, 176 Okl. 378, 56 P.2d 362; Askins v. British-American Oil Producing Co., 201 Okl. 209, 203 P.2d 877; Ellis v. Williams, Okl., 297 P.2d 916. But this rule will not be applied to sustain a jury verdict based upon an erroneous instruction. C. I. T. Corp. v. Shogren, 176 Okl. 388, 55 P.2d 956. In Constant v. Brown, cited above, we reversed a verdict for the plaintiff and ordered a new trial where we were unable to conclude whether the jury verdict in a wrongful death action was based upon the actual negligence of the defendant or upon an issue erroneously submitted to the jury concerning the defendant's violation of a void city ordinance. We have adopted this policy in order to prevent a miscarriage of justice and to insure that each litigant receives a fair determination of his case by the jury.

While we may not review the sufficiency of the evidence to support the verdict in this case as indicated above, we may examine the evidence in an attempt to determine whether the basis for the jury's verdict is the erroneous or the valid issue. After examining the record, we are unable to state with certainty upon which of the two issues the jury based its decision, or whether it found for the defendants upon both issues. It does appear to be more likely however that the verdict was based upon conditional delivery than upon fraud, as the evidence in support of the latter theory is inconclusive. Since the issue of conditional delivery was erroneously submitted to the jury, the judgment is reversed and the case is remanded with directions to grant the plaintiff a new trial.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON and LAVENDER, JJ., concur.

BLACKBIRD, J., concurs in result.

WILLIAMS, IRVIN and BERRY, JJ., dissent.

WILLIAMS, Justice (dissenting).

I respectfully dissent to the foregoing majority opinion.

No further statement of facts is required.

As claimed grounds of error, plaintiff in error, hereinafter called plaintiff advances three propositions. The first is that the court erred in permitting the introduction of parol testimony for the purpose of varying the terms of a written contract. I do not agree.

Plaintiff urges that certain decisions of this Court stand for the rule that parol evidence is not admissible to vary the terms of written agreements. There is, of course, a general rule of that effect.

However, the parol evidence rule has certain exceptions including those of conditional delivery and fraud in the inducement or inception of a contract, both pleaded by defendant.

In this connection it is to be noted that while the written contract between the realtors and the defendants for sale of the motel for a specified commission which provided for compensating for the services of the realtors by issuance of the series of notes was in evidence, it appears that such brokerage contract had been completed, had spent its life, by the issuance of the notes to the realtors at the time the deed to the property was issued. It was the notes, themselves, upon which plaintiff brought suit. It follows that the promissory notes which were executed in performance of the earlier contract and which are the basis of plaintiff's action in this case could be shown to have been delivered subject to a condition which had not been fulfilled, or could be shown to have been fraudulently obtained, and that they, or some of them, therefore, never came into force as binding obligations.

The case of Commercial National Bank of Muskogee v. Ahrens, 117 Okl. 65, 245 P. 557, involved a series of notes, as in the instant case, and also an antecedent written contract in the form of a conditional sales contract for the purchase of an automobile. The suit in that case was also upon the notes and not the contract, and the defendant over plaintiff's objection testified that the notes were delivered subject to a condition which had not been fulfilled. In holding that the parol evidence rule was inapplicable the opinion states:

"It is contended that the court erred in admitting evidence for defendant to show such conditional delivery of said notes as alleged. It is well settled that parol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement constituting a condition precedent to the taking effect of the written contract. Waggoner Bank & Trust Co. v. Doak, 172 P. 61, 69 Okl. 245; Gamble v. Riley, 135 P. 390, 39 Okl. 363; Edwards v. City Nat. Bank of McAlester, 201 P. [233] 236, 83 Okl. 204. As between defendant, Ahrens, and the motor

company, this evidence was not for the purpose of contradicting the terms of these notes, but to show that under no circumstances was defendant to become liable on the $1,200 note, and only on condition on the $590 note, except as to said $90—that they were not present contracts, but were to take effect on condition. Under the well-known rule, the evidence is sufficient to support the judgment in this behalf, and, in fact, is undisputed."

In Harlow Pub. Co. v. Walden, 168 Okl. 163, 32 P.2d 278, we held a promissory note may be delivered by the maker to the payee upon condition, or as an escrow, and that where evidence is offered for the purpose of showing that a written instrument was delivered conditionally, or that the note never became operative, the allegation of non-performance of the conditions precedent states a defense to an action upon the note. See also, In re Fullerton's Estate, Okl. 375 P.2d 933; Fane Development Co. v. Townsend, Okl., 381 P.2d 1012 and Yeager v. Jackson, 162 Okl. 207, 19 P.2d 970.

Where liability on a written instrument is sought to be avoided on the grounds of fraud, the parol evidence rule does not apply and such evidence is admissible to establish fraud and vitiate the contract. See Superior Distributing Corp. v. Hargrove, Okl., 312 P.2d 893; Hill v. Anderson, Okl. 363 P. 2d 849, and cases cited by the majority.

From an examination of the record and the foregoing and other authorities, I am of the view that in permitting the introduction of parol evidence in the trial of the instant case for the purpose of showing either that the notes were delivered conditionally, or that fraud was perpetrated, the trial court did not err.

Plaintiff's second proposition is that the verdict and judgment are not sustained by sufficient evidence and are contrary to law. An examination of the record discloses that plaintiff did not demur to the evidence when defendants assumed the burden of proof and introduced evidence tending to show an affirmative defense and rested their case, but called witnesses in rebuttal. At the conclusion of all of the evidence both sides rested, and no motion was made for a directed verdict. Plaintiff did not except to the instructions to the jury or offer any requested instructions but acquiesced in the instructions given by the court. This is an action of legal cognizance. The alleged insufficiency of the evidence was not presented to the trial court. Since such was not done, its sufficiency cannot be considered here. Beatty v. Moore, 113 Okl. 105, 239 P. 570; Milburn et al. v. Miners' & Citizens' Bank, 101 Okl. 281, 226 P. 44; Adair v. Moore, 183 Okl. 563, 83 P.2d 813, 814; Federal National Bank of Shawnee v. Sartin, 114 Okl. 244, 246 P. 617. In East Basin Oil & Uranium Company v. R. L. Pound, etc., Co., Okl., 321 P.2d 694, the third paragraph of the syllabus reads:

"Where in an action of law there is conflict in the evidence, and verdict in favor of plaintiff is approved by the trial court, this court cannot weigh the evidence and reverse the judgment because the evidence on which the verdict was founded was contradicted by other evidence at the trial."

To my mind, the plaintiff's second proposition is lacking in substantial merit.

Plaintiff's third proposition is that the alleged oral agreement would have been void as being against public policy and that the trial court erred in overrulinng plaintiff's motion to strike defendant's answer. Plaintiff contends that the sale and lease-back arrangement between the purchaser and defendants for a stated consideration of $900,000 was so far in excess of the sum defendant would have been willing to accept for a cash sale of the motel as to be a sham, that the amount was nominated in order to afford certain tax benefits to the purchaser, thereby constituting a conspiracy to cheat and defraud the United States Government of income tax and, therefore, void as against public policy; and that the trial court erred in overruling plaintiff's motion to strike defendants' answer.

Plaintiff cites Dormeyer v. Haffa, 343 Ill. App. 177, 98 N.E.2d 532, an Illinois case, for the contention that the courts will not aid in the enforcement of certain contracts because of their illegality. Such a rule would not apply in this case. It was not shown in the trial of this case that the price agreed upon was a fictitious price as far as the government was concerned. It would appear that if the present defendants had been able to make the property pay on the basis of the rental charged the cost to the purchaser would have been $900,000. In that event, I see no reason why depreciation could not be computed on the basis of the price upon which the parties had agreed. Fraud or wrongdoing will not be presumed but must be alleged and proved by the party relying on it. Oklahoma Co. v. O'Neil, Okl., 333 P.2d 534. The alleged oral agreement was not shown to have been against public policy.

Furthermore, although defendants pleaded in their answer that the nominal purchase price and nominal rentals were inflated values chosen for the purpose of permitting the purchasers to take depreciation upon a high cost basis and secure tax advantages, this question was not raised by plaintiff at the trial, nor in the motion for new trial, nor in the petition in error, but is raised for the first time in this appeal. In Sharp v. Henry, Okl., 298 P.2d 1058, 1059, it was said a contention based on an issue not presented to the trial court is not reviewable on appeal; and that parties will not be permitted to argue in this court for the first time questions not raised in the trial court. Gibbins v. Wade, 202 Okl. 138, 210 P.2d 955; Sims v. Bennett, 208 Okl. 321, 255 P.2d 916.

In my opinion a reversal for any or all the reasons assigned is not justified, but rather the judgment of the trial court from which the present appeal was taken should be affirmed.

I am authorized to state that Mr. Justice BERRY concurs with the views herein expressed.