## HENRY v. KENNARD.

No. 26674.   Nov. 10, 1936.

Rehearing Denied Dec. 15, 1936.

F. B. Righter, for plaintiff in error.

Hughey Baker, for defendant in error.

PER CURIAM. This is an action originating before a justice of the peace seeking possession by replevin of a Studebaker sedan, at all times as involved in the transaction, a secondhand car. The car was the property of a Kansas physician and was sold to the plaintiff without the transfer of the second title until after the sale of the car by the plaintiff to defendant. Apparently shortly after acquiring the car, the plaintiff traded cars with the defendant, receiving in exchange another Studebaker sedan of the same vintage, and was to have received in addition the sum of $200 in installments extending over a period of 60 days. At the time of the transaction, or within at most three weeks thereafter, in our view the time being immaterial, the defendant signed a

conditional sales contract, in which was included the following paragraph:

"No warranties express or implied, representations, promises or statements have been made by the seller unless indorsed hereon in writing."

There are no indorsements within the provisions of the above paragraph. It is claimed by the defendant that the instrument was signed in blank, but the above provision is included within the printed part of the document. Installments on the balance due were paid by the defendant of $50 on March 16, 1934, of $25 on April 2, 1934, and $25 on June 14, 1934, leaving unpaid $100 which, with carrying charge, was the basis of the replevin suit filed September 5, 1934. The conditional sales contract provided that title should not pass until the payment of the full amount of the purchase price.

No pleadings were filed by the defendant in the justice court, and judgment was rendered in favor of the plaintiff. Appeal was perfected to the court of common pleas of Tulsa county, and thereafter in that court there was filed with the written permission and indorsement of the judge an answer and cross-petition. Later there was filed an amended cross-petition, and it was on these pleadings that the case was tried.

The answer is a general denial and the cross-petition alleges that the car would not perform the work for which it was intended and recommended, and further alleges false representations in that it was in good mechanical condition and was suitable for the particular work of defendant; that it was a 1931 model and had been run only 12,000 miles as shown by the speedometer and that such reading was correct. Defendant alleges that these statements were untrue and were relied on by him in making the trade and were known to be false by plaintiff or should have been known to be false.

Defendant asked for damages in the sum of $100 in his first cause of action under this cross-petition. The court later permitted this amount to be amended to ask damages in the sum of $167.

There was a second cause of action in this amended cross-petition, but a demurrer to the evidence as to this was sustained by the trial court.

This cross-petition constituted a new cause of action for breach of warranty, denominated fraud, against the plaintiff on the part of the defendant. Strenuous objection to the filing of this pleading and to the intro-

duction of testimony thereunder is made by the plaintiff, appellant here, but in view of the conclusions reached, it is not necessary to pass thereon.

The case was submitted to the jury under instructions by the court and a verdict rendered in favor of the defendant for the automobile and for $1 damages.

In this case the court should have instructed the jury to return a verdict for the plaintiff for the possession of the car, it being shown to be in plaintiff's possession. This for the reason that the conditional sales contract signed by defendant contains the stipulation that no warranties, express or implied, representations, promises or statements have been made by the seller unless indorsed on such sales contract.

Section 9456, Okla. Stats. 1931, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

The alleged fraud does not go to the procurement of the instrument, but consists of alleged representations of quality, which are excluded by the very terms of this instrument, signed three weeks after the acceptance of the car and after some of the alleged misrepresentations are alleged to have been discovered.

Further, there is no testimony that the seller knew of the falsity of any representations or that they were recklessly made. The defendant had the car according to his own testimony three weeks before he signed the sales contract. Neither had at that time seen the title showing the exact yearly model of the car. Each had an equal opportunity to know the facts.

Furthermore, this was a secondhand car and there is no implied warranty of quality or fitness of a secondhand motor car. The doctrine of caveat emptor applies. 42 C. J. 780; Lamb v. Otto (Cal. App.) 197 P. 147; Warren v. W. W. Sheane Auto Co. (Wash.) 203 P. 372.

This cross-petition, however, declares on fraud and not on implied warranties.

For the reasons set out herein, this cause is reversed, with direction to set aside former judgment and to enter judgment for the plaintiff for the possession of this car.

The Supreme Court acknowledges the aid of Attorneys Frank L. Warren, W. T. Anglin,

and Chas. L. Orr in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Warren and approved by Mr. Anglin and Mr. Orr, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.