ALLIS-CHALMERS MFG. CO. v. HAWHEE.

No. 29448.   June 25, 1940.

Rehearing Denied Sept. 17, 1940.

*105 P. 2d 410.*

W. F. Schulte, of Ada, for plaintiff in error.

J. L. Emerick, of Ada, and E. F. Lester, of Oklahoma City, for defendant in error.

DANNER, J. Pursuant to a written contract a hardware company sold the defendant a combine, which is a threshing machine with a harvesting mechanism at the side. The defendant signed a note and chattel mortgage as payment and security. The note and chattel mortgage were assigned to the plaintiff, the manufacturer of the machine. This is an action to recover a money judgment on the note and to foreclose the chattel mortgage.

By cross-petition the defendant asserted a breach of implied warranty of fitness in the machine, and resultant damage to him, and sought cancellation of the note and mortgage, plus damages incurred by reason of the alleged breach of implied warranty of fitness. Plaintiff's reply set forth the written agreement under which the machine had been purchased, in which there was a stipulation expressly excluding all warranties except one therein named, which was a warranty to repair.

The trial judge directed a verdict for the plaintiff, entered a judgment thereon, and subsequently overruled defendant's motion for new trial. Thereafter the defendant filed a motion to vacate the order overruling his motion for new trial, and the court sustained said motion, vacating the order overruling the motion for new trial and sustaining said motion for new trial.

The plaintiff appeals, contending that under the law and the evidence the court erred in entering the order last mentioned above. The question resolves itself into an inquiry whether, according to the law governing the case, the evidence was sufficient to justify submitting the issues to the jury. If it was, then the judgment appealed from is correct. If it was not, then the trial judge was correct the first time, and we shall have to determine whether, under those circumstances, he erred in granting a new trial.

The cross-petition was based solely upon an alleged breach of implied warranty of fitness. It did not allege fraud in the inducement to execution of the contract. Nor did the evidence anywhere touch upon any matter which could be said to constitute fraud in the inducement. The sole contention by the defendant in this respect is that there was an implied warranty of fitness (1) coexistent with the contract as a matter of law, and (2) that the oral representations of an agent prior to the sale, plus certain statements in two of plaintiff's catalogs, constituted said warranties.

We may eliminate the catalog question without much difficulty. Assuming for purposes of reasoning that the statements therein made constituted anything more than the ordinary commercial "puffing," the fact nevertheless remains that the written agreement was not consummated by means of the catalog entering thereinto or playing any role as a part thereof. This was not an order from catalog, in the sense that the catalog constituted an offer and the order constituted an acceptance, in which case we might have a different

problem. It cannot correctly be said that the catalog, or the statements therein, constituted any part of the contract in the present case. Nor was there any evidence whatsoever of any representations or inducements made to the defendant in order to get him to sign the contract.

The oral representations, if any, which may have been made to defendant, preceding or accompanying the execution of the instrument, and the oral agreement, if any, were superseded by the contract in writing, and could not be used for the purpose of varying the written instrument. Section 9456, O. S. 1931, 15 Okla. St. Ann. 137.

Next we consider the question of implied warranty in the light of the provisions of the contract itself, and the law as related thereto. The contract under which defendant purchased the machine, and the execution of which was admitted by defendant, contained the following:

## "WARRANTY

"The said machinery is sold by dealer with the following warranty, AND NO OTHER: ALLIS - CHALMERS MANUFACTURING COMPANY warrants that it will repair f.o.b. its factory, or furnish without charge f.o.b. its factory, a similar part to replace any material in its machinery which within one year after the date of sale by the Dealer is proved to the satisfaction of the Company to have been defective at the time it was sold, provided that all parts claimed defective shall be returned, properly identified, to the Company's branch house having jurisdiction over the Dealer's territory, charges prepaid. * * * THIS WARRANTY TO REPAIR IS THE ONLY WARRANTY EITHER EXPRESS IMPLIED OR STATUTORY, UPON WHICH THE UNDERSIGNED PURCHASES SAID MACHINERY; the company's liability in connection with this transaction is expressly limited to the repair or replacement of defective parts, all other damages and warranties, statutory or otherwise, being hereby expressly waived by the undersigned."

There followed a provision that no representative of the company had authority to change the warranty or the contract in any manner whatsoever.

In Reynolds v. Binding-Stevens Seed Co., 179 Okla. 628, 67 P. 2d 440, we held that where onion seeds were purchased pursuant to a written contract which included the provision that seller "gives no warranty, express or implied," as to any matter respecting the merchandise, no implied warranty existed as a basis of recovery for an alleged breach thereof. In so holding, we were in accord with the great weight of authority. Cases such as Fairbanks, Morse & Co. v. Miller, 80 Okla. 265, 195 P. 1083, cited by defendant, in which the contract of sale did not contain an express provision excluding implied warranties, are not in point. Here there is such an express provision. And a provision of that kind is valid and binding. As stated in 24 R. C. L. 173:

"There is no doubt that the parties may by express provision in the contract relieve the seller from liability on any warranty, which might otherwise be imported into the sale, of conformity in kind to the words of description."

Quoting from Lumbrazo v. Woodruff, 256 N. Y. 92, 175 N. E. 525, 75 A. L. R. 1017:

"Neither party was obliged to enter into this contract, and there is no public policy which prevents adult persons of sound mind making such agreements as they please, not prohibited by statute, or contrary to natural justice and good morals."

Ford Motor Co. v. Cullum (C. C. A. 5th) 96 F. 2d 1:

"An express warranty and an implied warranty, when consistent, may exist in the same contract of sale. By express agreement, however, the parties may limit the warranty as they desire. It is a matter of contract. It is competent for the parties to stipulate that there shall be no warranty or liability other than that expressed in the contract, and a warranty of fitness will not be implied in conflict therewith."

A case squarely in point, and in fact involving the same contract and one of the same parties, is Tharp v. Allis-

Chalmers Mfg. Co., 42 N. M. 443, 81 P. 2d 703, 117 A. L. R. 1344, which reached the same conclusion as we do here. Quoting the 1st and 2d paragraphs of the syllabus:

"Where contract of sale of farm machinery stated that the express warranty to repair was the only warranty either express, implied, or statutory, warranty of fitness for the purpose could not be implied, since parties can contract against implied warranties."

"A contract of sale of farm machinery which contained warranty to repair, but stated that such warranty was the only warranty either express, implied, or statutory, was not void as being against public policy."

The New Mexico court in the above case pointed out that the rule permitting an implied warranty in the presence of an express warranty relating to a different subject matter is one upon which the authorities differ, but that there could be no doubt of the absence of an implied warranty where the parties had expressly contracted against warranties other than those expressed. The distinction which the court pointed out there should also be emphasized here (81 P. 2d 704): "The question for decision here is whether or not one can contract against implied warranties and not whether express warranties exclude implied warranties." For another similar case, see Minneapolis Threshing Machine Co. v. Hocking, 54 N. D. 559, 209 N. W. 996.

Both under the Uniform Sales Act and in states not having that provision, stipulations negativing implied warranties have been held valid and effective by the courts almost unanimously, and without further quotations or citations the reader is referred to the annotations, and the many decisions therein cited, in 117 A. L. R. 1350; 16 A. L. R. 859, 880; 32 A. L. R. 1241, 1244; 62 A. L. R. 451, 454.

We therefore see that, since execution of the contract was admitted, since receipt of the machine was admitted, since execution of the note and chattel mortgage was admitted, and since no fraud in the inducement to execution of any of the instruments was alleged or proved, the defendant presented no cognizable defense; and as there was no disputed question of fact on any material point, the trial judge was correct in directing a verdict for the plaintiff. It was not a matter in which he had any discretion, in which case it follows that it would have been reversible error to permit the case to go to the jury.

He therefore erred on a pure and unmixed question of law when he subsequently reversed himself and granted a new trial. This is necessarily so, since, as above stated, he would have committed reversible error by letting the case go to the jury. Nothing occurred after his first ruling, which was the correct one, or after his order overruling defendant's motion for new trial, to change the situation. The trial was over with. If the case had come here on appeal at that time, it would have been necessary to affirm the judgment, because of the principles discussed above. The discretion granted trial judges in granting new trials is a wide one, as contended by defendant, but in all of our pronouncements of that rule we have carefully exempted errors on "pure and unmixed questions of law."

Since the orders directing verdict for the plaintiff and overruling defendant's motion for new trial were correct, it follows that the subsequent order granting the new trial was incorrect, and should be reversed. The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and HURST, JJ., concur.