ADVERTISER'S EXCHANGE, Inc., v. MORELOCK.

No. 30502. Jan. 19, 1943.

*133 P. 2d 204.*

Wm. S. Rogers, Turner M. King, and Carloss Wadlington, all of Ada, and Richard E. Clarke, of Hackensack, N. J., for plaintiff in error.

Kerr, Lambert & Conn, of Ada, for defendant in error.

CORN, C. J. This is an action to recover a balance due upon a contract for advertising service, wherein the plaintiff agreed to furnish the defendant certain materials and advertising service to be used by the defendant in connection with his retail establishment in the city of Ada, Okla., where the defendant operated a general food store or market known as "Morelock's Food Mart."

The duration of the contract was to be one year from date and to continue under the same terms and conditions as stated therein until either party notified the other by registered mail to discontinue. The consideration of the contract was $208 a year, plus postage, and was payable $52 upon acceptance by the plaintiff, and monthly installments of $15.60 from a given date until fully paid. In consideration of these payments the defendant was to receive the right to use copyrighted materials and services described on the reverse side of the contract, which consisted of matrices of full page advertisements specially designed for this particular type of business, to be run in local newspapers at the expense of the defendant, merchant. The contract provided that neither party would be held responsible for representations not embodied in writing therein, and that it was not subject to cancellation.

The defendant, after paying $69.76 on the contract, gave notice in writing by registered mail of his intention to terminate the contract. The plaintiff did not consent to the cancellation of the contract. The defendant then tendered a check for $47.76 covering payments up to date, and as full payment on all claims under the contract, but the plaintiff returned this check and demanded full performance thereof.

The defense to the action upon the contract in the court below was that the plaintiff through its agent made representations (1) that it would send its agent to supervise the advertising and help defendant put over the plan, which it failed and refused to do; (2) that defendant should have the sole and exclusive right to use said advertising plan in Ada, Okla.; and (3) that the advertising ideas were new and different in the advertising field and not employed by other advertisers; that all such representations were false and known to be false by the plaintiff and were made for the purpose of inducing the defendant to execute the contract; and, but for such false and fraudulent representations, the defendant would not have entered into the contract. Upon hearing the evidence on these issues, the court found for the defendant.

The plaintiff, appellant, contends that the judgment of the trial court is contrary to the law and evidence. Under this proposition authorities are cited supporting the rule that the execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of fraud, or mistake of facts, and any representation made prior to or contemporaneous with the execution of

the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract.

The authorities cited state the general rule applicable to admission of oral evidence to contradict or alter the terms of a written contract. But in this case it is alleged that the representations were false and fraudulent and were made with the intent and for the purpose of inducing the defendant to enter into the contract, and that defendant would not have entered into the contract but for the said false and fraudulent representations. The pleadings in the case bring it within the exception to the general rule, and the evidence, although conflicting, reasonably tends to support the allegations.

The facts in this case are similar to the facts in the case of American Asbestos Products Co. v. Smith Brothers, 181 Okla. 350, 73 P. 2d 839, wherein the agent of the company induced the customer to place an order for roofing materials upon the promise that he would personally supervise the putting on of the roof, which promise he had no intention of carrying out, but which was made as a means of getting the order and making the sale. The syllabus in said case is as follows:

"When a party alleges that he was induced by material, false, and fraudulent representations to enter into a contract which he would not have entered into but for such false and fraudulent representations, the purpose and effect of evidence introduced in support of such allegations is not to contradict or vary the terms of the written contract, but to show that the party was imposed upon and that fraud was practiced in obtaining his signature thereto. Fraud vitiates everything it touches and a contract obtained thereby is voidable and evidence is admissible to show that contracts have been fraudulently obtained."

Also see Blackburn v. Morrison, 29 Okla. 510, 118 P. 402, Ann. Cas. 1913A, 523; and McLean v. Southwestern Casualty Ins. Co., 61 Okla. 79, 159 P. 660.

Where the evidence, although conflicting, reasonably tends to support the judgment, the same will not be disturbed on appeal.

Judgment affirmed.

GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.