**SUPERIOR DISTRIBUTING CORPORA-TION, a corporation, Plaintiff in Error,**

v.

**Frank L. HARGROVE and Nova G. Hargrove, Defendants in Error.**

No. 37125.

Supreme Court of Oklahoma.

June 4, 1957.

Rehearing Denied June 25, 1957.

Doerner, Rinchart & Stuart, Harry D. Moreland, Tulsa, for plaintiff in error.

A. A. Berringer, Tulsa, for defendants in error.

WILLIAMS, Justice.

This is an action brought by Frank L. and Nova G. Hargrove against Superior Distributing Corporation, a foreign corporation, to rescind a purchase contract and to recover the consideration paid for the purchase of three popcorn machines on the ground that they were induced to enter into the contract by false and fraudulent representations made by one L. I. Smith, who, it is alleged, was the agent of Superior Distributing Company.

Plaintiffs in their petition in substance alleged that on the 7th day of December, 1953, they purchased three popcorn vending machines known as Popperettes, complete with stands, for the sum of $1,485; that they purchased the machines through L. I. Smith, who they alleged was an agent of defendant and they were induced to purchase the machines by the following false and fraudulent representations made by Smith; Smith represented to them that they were and would be the sole and only persons in Tulsa County to own and operate machines of this type; that plaintiffs would be guaranteed 100% profit on their investment within twelve months; that the profit realized from said machines would amount to six cents per sack, after deduction for the cost of ingredients and a standard 20% fee to the owner of the premises where the machines would be located. Plaintiffs alleged that said representations were false and known by Smith to be false; that except for such representations they would not have purchased the machines. After receiving the machines plaintiffs attempted to operate them but they did not work and were wholly worthless. Plaintiffs prayed that the contract be rescinded and that they recover from defendant $1,485, with lawful interest thereon.

Upon the filing of their petition plaintiffs obtained service upon defendant by serving the Secretary of State as provided by 18

O.S.1951 § 472. Defendant entered a special appearance and filed a plea to the jurisdiction of the court and motion to quash the service in which it is alleged that the trial court had no jurisdiction over its person for the reason that it is a foreign corporation and has never been domesticated in this state, has never kept an office, agent or representative in this state and has done no business in this state and was therefore not amenable to process in this state. The trial court after hearing the evidence as to this issue overruled the plea and motion to quash to which defendant excepted.

Defendant then filed its answer consisting of a general and special verified denial in which it specifically denied that L. I. Smith was its agent and had ever represented it in this state as alleged in plaintiffs' petition.

The case was tried to a jury and at the close of the evidence defendant moved the court to direct a verdict in its favor. Motion was overruled by the court. The case was then submitted to the jury and a verdict returned in favor of plaintiff in the amount sued for.

■ Defendant appeals and assigns, among other errors, error of the court in overruling its plea to the jurisdiction and motion to quash. Upon this issue defendant offered the affidavit of Glenn E. Mercer thereafter supplemented by his deposition in which he testified that he is president of the Superior Distributing Corporation; that said corporation is a foreign corporation organized under the laws of the State of Colorado and that its principal place of business is located in Denver, Colorado, and has never been domesticated in this state. He was acquainted with L. I. Smith. L. I. Smith is not now and never has been an agent or representative of the company. He is an independent contractor or an independent distributor. He buys machines from Superior Distributing Corporation at retail less $100 per machine then resells the machines to his customers. He takes orders for the machines and then directs the company to have the machines shipped direct to his customers from the factory and

charge his account for such sales and this is the only business relation the company has ever had with L. I. Smith.

Plaintiff, Frank L. Hargrove, testified that he resided in Sand Springs, Oklahoma; that several days prior to December 7, 1953, he noticed in the Tulsa newspaper the following advertisement:

"Manager Wanted: Wanted at once a responsible man or woman, spare time or full time, to own and operate a highly profitable pop corn route. Complete program should net up to $300.00 per month. This is a golden opportunity for a reliable person who desires permanent, profitable business of their own. All accounts established for you. $1485.00 to $2,475.00 required. Free details. Write giving phone number and address to Box 1652-W, World Tribune."

He thereafter wrote a letter addressed to the box number named in the advertisement, inquiring relative to the popcorn route.

In response to this letter he was contacted in his home by a man who introduced himself as L. I. Smith and told him he was representing Superior Distributing Corporation of Denver, Colorado. He had with him a popcorn machine. He showed him the machine and asked permission to demonstrate it. After such demonstration plaintiff signed the following purchase order:

"Purchase Order
"To: Superior Distributing Corporation.　　　　No. 2167
"Home Office, 1030–15th Street　　　　　　　　Date Dec 7, 1953
"Denver, 2, Colorado.
"Gentlemen:
"Please ship as soon as possible for my account the merchandise listed below, subject to the following terms and conditions:
　　　　　　　　　　　Ship VIA: ──────
"Terms: Paid in full.　　　　　F.O.B. Factory
"Ship To: Frank L. Hargrove
　　　　　　　Mounted Route, Phone 592W
　　　　　　　Sand Springs, Oklahoma.
"Enclosed please find check for $1485.00

| Quantity | Description | Price | Amount. |
|---|---|---|---|
| 3 Popperette machines & stands Complete | | #495.00 | $1485.00 |
| Fire and theft insurance | each month | Total | |
| Total Amount of Order | $1485.00 | | |

"Superior Distributing Corp. shall place the above ordered machines on initial locations and there will be issued by Coroco, Inc., of Denver, Colorado, a 100% money back guarantee guaranteeing refund of purchase price if machines earn a profit of less than 100% of the net purchase price during period beginning with date said machines are placed on location and terminating 15 months thereafter and subject to terms and conditions of such guarantee contract.

"The undersigned purchaser has read and understands the contents of this purchase order and agrees that there are no warranties, express or implied, representations, promises or statements in connection with this purchase order for said merchandise other than herein stated.

"This Purchase Order Is Not Subject To Cancellation. The purchaser hereby agrees that in the event of failure to complete purchase as detailed herein, the seller may enforce payment of the entire balance due on the

above purchase order, or at seller's sole option, retain the advance payment as liquidated damages.

"Accepted
Superior Distributing Corporation
1030–15th Street
Denver 2 Colorado

Purchaser: Frank L. Hargrove,
Signed L. I. Smith, Distributor.

Date 12/8/53
By E. Ravn."

After receiving the order defendant, Superior Distributing Corporation, wrote plaintiff that the machines would be delivered in the near future and that upon receipt of the machines for him to notify it and it would send a man to assist him in locating and assembling them. The machines were shipped to him from Milwaukee, Wisconsin. Upon their arrival he notified defendant and defendant sent a man by the name of Isaacs to assist in locating and assembling the machines.

Mr. Hargrove further testified that he attempted to operate the machines after they arrived but they would not work satisfactorily. He called defendant, Superior Distributing Corporation, over the telephone and informed it that the machines would not work. Defendant stated it would send Frank McCarthy to straighten out the machines. McCarthy was unable to make the machines work and plaintiff thereafter notified defendant that the machines would not work to which he received no reply.

Plaintiff also offered evidence tending to show that at least four other persons claiming to be representatives of defendant were working in this state taking orders for defendant's popcorn machines, assembling and repairing them.

This in substance is the evidence offered on the plea to the jurisdiction and motion to quash. We think it sufficient to show that defendant was doing business in this state to such extent as to make it amenable to process in this state. We have so held under similar state of facts in S. Howes Co., Inc., v. W. P. Milling Co., Okl., 277 P.2d 655. We think that case decisive here. The trial court ruled correctly in overruling

defendant's plea to the jurisdiction and motion to quash the service.

Defendant further contends that the court erred in giving Instructions Nos. 1 and 3 to the jury. In Instruction No. 1 the jury is instructed that the burden of proof is on the plaintiffs to prove by a preponderance of the evidence the following facts:

"1. That the man named Smith, with whom he dealt, was the agent of the defendant for the purpose of selling the machines.

"2. That the plaintiff bought the machines from the defendant and paid the defendant for them.

"3. Either that the said Smith made false representations to the plaintiff for the purpose of inducing him to enter into the purchase contract, knowing the same to be false and that the plaintiff acted upon said representations to his damage, *or that the machines were not fit to be used for the purposes for which they were sold*, and after reasonable attempts to make them operate, such attempts were unsuccessful.

"Unless you find all of these elements in favor of the plaintiff, your verdict should be for the defendant."

In Instruction No. 3 the jury is told:

" * * * If you find that the machines were wholly worthless and could not be made to operate for the purpose for which they were sold, and if you further find that the defendant received the purchase price; and if you further find that the plaintiff has offered to return the machines, and has at

all times been willing to return the machines upon the refunding of the purchase price, and through no fault of the plaintiff, but through the neglect of the defendant, the defendant has failed and refused to accept the machines back, or to refund the purchase price, then the amount of damages you should award the plaintiff will be the total amount paid for the machines, not to exceed however, the sum of $1485.00, the total amount prayed for in plaintiff's petition."

Defendant contends that Instruction No. 3 and the italicized provision of Instruction No. 1 submit to the jury the question of breach of an implied warranty as to fitness, and argues that the contract of sale (the purchase order) contains a provision that there are no express or implied warranties other than those expressed in the written contract and no implied warranty as to fitness can exist contrary to the contract.

This contention is correct as an abstract proposition of law. Reynolds v. Binding-Stevens Seed Co., 179 Okl. 628, 67 P.2d 440; Allis-Chalmers Mfg. Co. v. Hawhee, 187 Okl. 670, 105 P.2d 410. We do not think, however, the court committed reversible error in giving these instructions under the facts in this case.

Plaintiffs' case is not predicated on the theory of breach of implied warranty as to fitness. His case is brought to rescind the contract of sale (the purchase order) on the ground that the contract was obtained from him by false and fraudulent representations made by Smith, agent of defendant, which induced him to enter into the contract.

Frank Hargrove in this respect testified that in response to the letter addressed to the box number given in the newspaper above referred to Mr. Smith called him by telephone and came to his home with a popcorn machine and in conversation with him relative to the purchase of the machines he made the representations as stated in his petition; that plaintiff was induced by said representations to enter into the contract and sign the purchase order above mentioned; that he would not have signed the order except for such representations; that such representations have proved to be false.

Mr. Hargrove further testified that he agreed to pay the sum of $1485.00 for the machines. After he signed the purchase order, he drew the money from his savings account and he and Smith then went to a bank where he paid Smith the cash and Smith then purchased a cashier's check or bank draft and sent it to Superior Distributing Corporation at Denver, Colorado.

The machines were then shipped to plaintiffs as above stated. After they arrived and were assembled plaintiff attempted to operate them but they did not work. He notified defendant and defendant sent a man to Tulsa to straighten up the machines. He, however, could not make the machines work and they never have worked and are worthless. He notified defendant of this fact and offered to return the machines upon the refund of the purchase price paid for the machines. He received no reply from his letter and defendant has never accepted the machines or refunded the money.

Plaintiffs also offered the evidence of several other witnesses who bought like popcorn machines from persons claiming to be agents of defendant who testified that their machines could not be made to work and were worthless. Mr. Hargrove further testified to the same state of facts to which he testified at the hearing on the plea to the jurisdiction and motion to quash service.

■ Under the above evidence as to the representations made by Smith to induce plaintiffs to purchase the machines and the further showing that the machines were not as represented and were worthless, plaintiffs upon offering to return the machines had a right to rescind the contract and recover the consideration paid, Doughty v. Laubach, 172 Okl. 42, 44 P.2d 105; Viking Refrigerators, Inc., v. Mc-Meachin, 145 Okl. 76, 291 P. 521, and the court in effect so charged the jury.

Defendant further contends that the court erred in refusing to give the following requested instruction:

"No. 2 The oral representations, if any, which may have been made to the p(l)aintiff proceeding (sic) or accompanying the execution of the written contract herein, and the oral agreement, if any, were superseded by the contract in writing and cannot be used for the purpose of varying the written contract between the parties."

The general rule is as stated in the requested instruction in the absence of fraud or mistake of fact. Goldstein v. Welded Products Co., 196 Okl. 219, 164 P.2d 229, and cases therein cited. However, where fraud is alleged in the procurement of the contract the rule does not apply. In Panther Oil & Grease Mfg. Co. v. Skillings, Okl., 259 P.2d 820, we said:

"Ordinarily parol evidence of oral negotiations preceding or contemporaneous with the execution of a written contract cannot be introduced to vary the terms thereof; however, when it is alleged that false and fraudulent representations were made to induce the execution of the contract but for which representations the contract would not have been made evidence in support of such allegations is admissible to prove the fraud and vitiate the contract."

See, also, Advertiser's Exchange, Inc., v. Morelock, 192 Okl. 7, 133 P.2d 204; American Asbestos Products Co. v. Smith Brothers, 181 Okl. 350, 73 P.2d 839.

Defendant further contends that the trial court erred in overruling its motion for directed verdict. Plaintiffs offered evidence tending to establish every material allegation contained in their petition necessary to a recovery. The trial court therefore ruled correctly in overruling the motion for directed verdict.

CORN, V. C. J., and DAVISON, HALLEY and CARLILE, JJ., concur.

WELCH, C. J., and JOHNSON and BLACKBIRD, JJ., concur in result.

JACKSON, J., dissents.