**Frank DEWBERRY, Plaintiff in Error,**

v.

**YELLOW MANUFACTURING ACCEPT-
ANCE CORPORATION, Defend-
ant in Error.**

No. 40652.

Supreme Court of Oklahoma.

Sept. 15, 1964.

Rehearing Denied Nov. 4, 1964.

John B. Ogden, Oklahoma City, for plaintiff in error.

William H. Wilson, of Rhodes, Crowe, Hieronymus, Holloway & Wilson, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal by Frank Dewberry (defendant below) from a judgment sustaining the motion of Yellow Manufacturing Acceptance Corporation (plaintiff below) for judgment on the pleadings in favor of said plaintiff.

Plaintiff filed a replevin action against defendant for possession of a truck. The plaintiff alleged that it was entitled to possession of the truck because of defendant's default in payment of amounts owed by defendant that were secured by two "Service Chattel Mortgages." Copies of the mortgages were attached as exhibits and reflect a mortgage (A) dated December 2, 1961, for the amount of $1171.80, and a mortgage (B) dated April 24, 1961, in the sum of $222.24. These mortgages were originally given by defendant to General Truck, Inc., and were signed by both mortgagor and mortgagee, and reflect they were thereafter assigned by mortgagee to plaintiff. Also attached as an exhibit (C) was an extension agreement between plaintiff and defendant, dated April 2, 1962, relative to mortgage B.

Defendant's original or first answer alleged the purchase of the vehicle from General Truck, Inc., and related defects therein and its unsatisfactory performance.

Thereafter, at a pre-trial hearing, the parties stipulated that defendant bought the truck from General Truck, Inc., in December, 1958, and later paid for it in full; that repairs were made by General Truck on April 24, 1961, and chattel mortgage B was given by defendant, and was extended April 2, 1962, by the agreement C, with a balance of $137.64; that repairs were also made by General Truck on December 2, 1961, and chattel mortgage A was executed by defendant, with a balance of $1171.80; that mortgages B and A were assigned by General Truck to plaintiff on said dates; and that defendant did not claim payment as a defense. Defendant then requested and was given leave to file an amended answer. The question is whether the amended answer states a defense to plaintiff's action.

In his amended answer defendant admits the execution of chattel mortgage A, dated December 2, 1961, in favor of General Truck, for repairs, under a promise that the truck would be fully repaired and put in first class condition. The amended answer alleges the defective condition of the truck from and after its purchase from General Truck and the knowledge thereof by the representative of plaintiff who officed with General Truck; that the repairs by General Truck were agreed to by defendant and were made at the solicitation of plaintiff's agent and upon his promise that plaintiff would handle the transaction and have the truck properly repaired and put in usable condition and defendant could execute a mortgage for the repair account; and that defendant thought the mortgage was to plaintiff instead of General Truck, and plaintiff under all the circumstances was not a holder in due course. It was further alleged that plaintiff knew or should have known the truck would still be unusable after the repairs and that the repairs were defective and of no value and the truck remained useless and that the consideration wholly and completely failed for such repair work and plaintiff took the assignment of the chattel mortgage with full knowledge of all of the related facts and circumstances. Defendant alleged that the other mortgage, B, was received by plaintiff under the same conditions. Defendant prayed that plaintiff be denied any relief.

The substance of defendant's answer is that plaintiff was not a holder in due course of the mortgages and that there was a complete failure of consideration for the indebtedness and mortgages by reason of the breach of the express promise or warranty of the plaintiff that the truck would be completely repaired and usable. The parties argue a number of propositions in support of their respective positions relative to the validity of the trial court's order sustaining plaintiff's motion for judgment on the pleadings. It is our conclusion that a provision of the mortgages and the law applicable thereto support the order of the trial court.

In this connection it is pointed out that the answer does not plead fraud as grounds for relief, but relies on breach of warranty and consequent failure of consideration to defeat plaintiff's right of possession under the mortgages.

The mortgages contain the following provision:

"10. No warranties, express or implied, representations, promises or statements have been made by Mortgagee, or shall be claimed by Mortgagor unless endorsed thereon in writing. No modification of any of the terms or provisions hereof shall be valid in any event and Mortgagor expressly waives the right to rely thereon, unless made in writing duly executed by the holder of this mortgage."

The proposition of the validity of exclusion by agreement of any express or implied warranties has been passed upon by this court.

In Henry v. Kennard, 178 Okl. 368, 62 P.2d 1184, the plaintiff sought possession of an automobile under a conditional sales contract and the defendant pleaded breach of oral representations (warranties) allegedly made in connection with the sale of the car. There we held that when the contract expressly excludes any warranty and no fraud or mistake accompanied the execution of such contract, the parties were bound thereby, and that the court should have instructed the jury to return a verdict for plaintiff for possession of the car, stating:

"* * * This for the reason that the conditional sales contract signed by defendant contains the stipulation that no warranties express or implied, representations, promises, or statements have been made by the seller unless indorsed on such sales contract."

In this connection see also Reynolds v. Binding-Stevens Seed Co., 179 Okl. 628, 67 P.2d 440, and Allis-Chalmers Mfg. Co. v.

Hawhee, 187 Okl. 670, 105 P.2d 410, and 77 C.J.S. Sales § 312 c, p. 1150.

The above cited authorities concerning disclaimer of warranties in connection with sales agreements are equally applicable to the present mortgage contracts.

Under the pleadings the terms of the agreements for repair of the truck and for payment were reduced to writing and incorporated in the mortgages given to General Truck and assigned to plaintiff. These instruments excluded any warranty and in the absence of fraud or mistake the defendant was bound thereby.

In Oklahoma Company v. O'Neil, Okl., 333 P.2d 534, we held that, in the absence of fraud or mistake, all previous oral discussions are merged into and superseded by the terms of an executed written agreement or instrument, and such instrument cannot be varied or the terms thereof changed by parol testimony. 15 O.S.1961 § 137.

In his briefs the defendant argues that plaintiff's rights to enforce the mortgages are not those of a holder in due course and consequently plaintiff cannot avoid the alleged representations made to defendant as to the quality of the repairs and the resulting usefulness of the truck. A determination that plaintiff was not a holder in due course would be of no benefit to defendant. Under the circumstances it is the terms of the mortgage instruments that control the rights of the parties. These instruments specifically provide that there are no express or implied warranties or representations and, as heretofore stated, the defendant is bound thereby.

It is our conclusion that the trial court did not err in sustaining plaintiff's motion for judgment on the pleadings.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, and IRWIN, JJ., concur.