Herbert F. CORN, Plaintiff,

v.

**SHELTON EQUIPMENT & MACHINE CO., Inc., d/b/a Semco of Amarillo, Texas, a foreign corporation, Defendant.**

**No. 66–348 Civil.**

United States District Court
W. D. Oklahoma.

Oct. 19, 1966.

Rinehart, Rinehart, & Rinehart, El Reno, Okl., Rinehart & Morrison, Oklahoma City, Okl., for plaintiff.

Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Tex., for defendant.

ORDER

DAUGHERTY, District Judge.

Defendant's Motion to Quash the process served upon it herein and Motion to Dismiss the suit for lack of jurisdiction over the person of the defendant, are both denied.

From the affidavits presented herein it appears that the defendant has delivered its products in Oklahoma and used its motor vehicles for such purpose,

the said motor vehicles being operated under a permit from the Oklahoma Tax Commission; has had a salesman working in the State of Oklahoma and has repaired some of its defective products in Oklahoma. This would constitute the necessary "minimum contact" with Oklahoma by which the defendant purposefully availed itself of the privilege of conducting activities and business within the State of Oklahoma, thereby subjecting itself to the jurisdiction of the courts in Oklahoma and service on the Secretary of State under Title 18 Okl.St.Ann. § 1.204a.[1] International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); S. Howes Co. v. W. P. Milling Co., (Okl.–1954) 277 P.2d 655, appeal dismissed 348 U.S. 983, 99 L.Ed. 765, 75 S.Ct. 575; Superior Distributing Corp. v. Hargrove (Okl.–1957), 312 P.2d 893; Fawcett Publications, Inc. v. Morris, (Okl.–1962), 377 P.2d 42, cert. denied 376 U.S. 513, 11 L. Ed. 968, 84 S.Ct. 964.

 Moreover, long-arm service would appear to be proper herein under 12 Okl.St.Ann. § 187.[2] The language of this statute is prospective and the same may not be retroactively applied. Franklin v. Sovereign Camp W.O.W. (1930) 145 Okl. 159, 291 P. 513; Hasse v. American Photograph Corporation, (10th Cir.–1962) 299 F.2d 666. In this case the tank involved was distributed or delivered by the defendant in Oklahoma in 1960. The negligence alleged herein consists of defendant's failure to place a warning on said tank and improper design and manufacture of the tank by the defendant. Also a breach of implied warranty by defendant is relied upon, the said tank being said to have been in a defective state and not reasonably fit when distributed or delivered by the defendant in Oklahoma. These complaints then existed at the time of manufacture by the defendant in Texas in 1960 or prior thereto. 12 Okl. St.Ann. § 187 became effective in 1963. The plaintiff's cause of action, however, accrued in 1965 when the incident involving the tank occurred in Oklahoma resulting in the injuries claimed by the plaintiff. In these circumstances, the service obtained in 1966 on a cause of action accruing in 1965 would not amount to a retroactive application of 12 Okl.St. Ann. § 187 which became effective in

1. "In all cases where a cause of action has accrued or shall accrue to any person by reason of a foreign corporation doing business in this state or having done business in this state or while a foreign corporation was doing business within this state and such foreign corporation has no registered agent in this state upon whom service of summons or other process may be had, an action may be filed against such foreign corporation in any county in the state and service of summons or other process may be had upon the Secretary of State, and such service shall be sufficient to give jurisdiction of the person to any court in this state having jurisdiction of the subject matter whether sitting in the county where the Secretary of State is served or elsewhere in the state. * * *"

2. "187. In personam jurisdiction over certain nonresidents—serving of process —venue.
"(a) Any person, firm or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such a party is a citizen or resident of this State and who does any of the acts hereinafter enumerated, whether in person or through another, submits himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:
(1) the transaction of any business within this State;
(2) the commission of any act within this State;
(3) the manufacture or distribution of a product which is sold in the regular course of business within this State and is used within this State;
* * *
(b) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon said person outside of this State with the same force and effect as though summons had been personally served upon him within this State.
* * *"

1963. Aftanase v. Economy Baler Company, (8th Cir.–1965) 343 F.2d 187.

The defendant will answer the complaint within 20 days from the date hereof.